**FLETCHER MOTOR SALES, INC., a corporation, v. EDWARD J. COONEY and RICHARD SHAAR.**

27 So. (2nd) 289                                    June Term, 1946
July 23, 1946                                        Division B
Rehearing denied September 20, 1946

224

*Adair, Kent, Ashby & McNatt* and *John M. McNatt,* for appellant.

*Warren & Rothstein,* for appellees.

CHAPMAN, C. J.:

Edward J. Cooney, surviving husband of Gladys Y. Cooney, deceased, instituted suit under Section 320.59, Fla. Stats. 1941 (F.S.A.), in the Circuit Court of Duval County, Florida, against Richard Shaar, the driver on February 11, 1945, of one 1939 Mercury Sedan automobile, and the Fletcher Motor Sales, Inc., as owner thereof. The plaintiff's deceased wife, Gladys Y. Cooney, on the aforesaid date was riding as a guest or passenger of the car drive by Shaar. When the collision occurred Shaar was driving approximately sixty miles per hour on Ortega Boulevard, Jacksonville, Florida, and had a head on collision near the intersection of Princeton Street with a motor vehicle being operated in a northerly direction on Ortega Boulevard, and as a direct result Gladys Y. Cooney sustained fatal injuries. There was a verdict and judgment in the sum of $10,000.00 entered against Richard Shaar and the Fletcher Motor Sales, Inc., and the latter appealed.

Richard Shaar took no steps to defend the suit, except to file a plea of not guilty, and has not joined in this appeal. The theory of liability urged here and below against the Fletcher

Motor Sales, Inc., was that at the time of the collision the Fletcher Motor Sales, Inc., was the owner of the Mercury Sedan and that Shaar at the time and place of the impact was operating the automobile with the knowledge and consent of the alleged owner. The Fletcher Motor Sales, Inc., filed a plea of not guilty and by appropriate plea further denied the ownership of the Mercury Sedan and that it was at the time and place of the collision being operated by Richard Shaar with its knowledge and consent. Thus it appears that we are not interested in the question of the sufficiency of the evidence to establish gross negligence, but it becomes necessary only to examine all the evidence in the record to determine the ownership of the Mercury Sedan on February 11, 1945, when the collision occurred.

The Fletcher Motor Sales, Inc., on February 8, 1945, was a dealer in automobiles and acquired the 1939 Mercury Sedan from James Gamble, who signed an application for the transfer of title certificate. It was acknowledged by James Gamble on February 8, 1945, before Lois Speer Crowell, Notary Public. On February 10, 1945, Richard Shaar paid to the Fletcher Motor Sales, Inc., on the car the sum of $200.00 and was given a receipt therefor signed—Fletcher Motor Sales, Inc., by D. T. McCallum. On February 10, 1945, Richard Shaar signed an application for a transfer to his name of the title certificate to the Mercury Sedan and his application was notarized by Lois Speer Crowell on February 10, 1945. The agreed purchase price of a car was $676.00 leaving a balance due thereon in the sum of $476.00.

On February 10, 1945, Richard Shaar signed a conditional sales contract to the C. I. T. Corporation (an automobile finance company), which company agreed to carry the balance due on the car and the sum to be retired by monthly payments. The conditional sales agreement, in part, provided:

"The within contract is hereby accepted. We hereby sell and assign it, and all interest in the car, to C. I. T. CORPORATION, without recourse as to Consumer's obligation of payment, with full power to C. I. T. in its or our name to take all such legal or other proceedings as we might take, save for this assignment. We warrant that: the contract is genuine;

the cash payment and/or the tradein allowance were received; all statements of facts therein are true; we had good title to the car, the customer is not an infant and has capacity to contract; we have no knowledge of any facts which impair the validity or value of said contract; Certificate of Title showing lien or encumbrance in favor of C. I. T. has been or will be forthwith applied for if required by law. We waive all demands and notice of default and consent that without notice to us C. I. T. may extend time to or compound or release any rights against Customer or any other obligor.

"Dated Feb. 12, 1945.

FLETCHER MOTOR SALES, INC.,

Signature of Dealer.

BY E. V. BETTES,

Title, Gen. Mgr."

An agent of the finance Company testified that he approved in behalf of his company a loan on the Mercury Sedan to Richard A. Shaar prior to February 10, 1945, and that it was customary for him so to do "where a used car dealer sells an automobile to a customer or is negotiating to obtain approval before the contract is actually executed" and that he "had not seen the contract when he approved the loan." The Conditional Sales Agreement was approved by Fletcher Motor Sales, Inc., on February 12, 1945, and the finance company acquired it on February 15, 1945. It was the view and holding of the lower court, on a motion seasonably made for a directed verdict by the Fletcher Motor Sales, Inc., that because the Fletcher Motor Sales, Inc., admittedly executed the acceptance of the Sales Agreement on February 12, 1945, it was a question of fact for the jury to decide as to whether the sale of the Mercury Sedan to Richard Shaar was complete on February 10, 1945.

It was in the evidence before the trial court that Richard Shaar on February 10, 1945, paid $200.00 to the Fletcher Motor Sales, Inc., as a down payment on the Mercury Sedan. On the same day he signed an application for a transfer of the title certificate to this car to the purchaser, Richard Shaar, and the application was notarized by Lois Speer Crowell. On February 10, 1945, Richard Shaar signed a Conditional Sales

Contract for the Mercury Sedan by the terms of which the balance of $476.00 was to be paid on successive monthly installments. The car was then delivered to him by the Fletcher Motor Sales, Inc., on February 10, 1945, and he then drove the car away from the place of business of the Fletcher Motor Sales, Inc.

The relation between Fletcher Motor Sales, Inc. and Richard A. Shaar is that of seller and purchaser. What additional or further action, if any, necessary to make Shaar the owner of the Sedan, subject to the payment of the balance due on the purchase price, is not shown or pointed out. We may reasonably assume that he complied with the several details of the transaction to the satisfaction of the seller or having tried out the car for two or three days he would not have driven the car away from the seller's place of business. From a careful study of the evidence the conclusion is irresistible that there was a meeting of the minds of the seller and the purchaser about each detail of the sale on February 10, 1945. The acceptance of the conditional Sales Contract by the Fletcher Motor Sales, Inc. occurred on February 10, 1945, although not formally signed by the seller until February 12, 1945. It is reasonable to infer that the Fletcher Motor Sales, Inc., inadvertently omitted the formal acceptence of the Sales Agreement until it took the necessary steps to transfer it to the finance company.

It cannot be questioned that the burden of proof under the law by a preponderance of the evidence rested on the plaintiff below to establish by competent testimony the material allegations of the declaration viz: "the defendant Fletcher Motor Sales, Inc., a corporation, was the owner of the Mercury Sedan automobile, and that on said date, time and place the defendant, Richard Shaar, was operating the same with the knowledge, acquiescence and consent of the owner" (Fletcher Motor Sales, Inc.) Having failed so to do, it became the duty of the trial court to grant the motion for a new trial.

The judgment is reversed.

BROWN, THOMAS and SEBRING, JJ., concur.