HORTON, Judge.
This appeal arose out of an action for wrongful death prosecuted in the court below by Carl J. Hebden, husband of the decedent, against Huskamp Motor Co., Inc., and Marvin T. Murphy, Jr.' The jury returned a verdict in the amount of $75,000 against both defendants, jointly and severally. Only Huskamp Motors has taken an appeal from the judgment entered on the verdict.
In order to resolve the legal issues presented by this appeal, we feel it necessary to detail the facts that led up to this unfortunate tragedy. On December 6, 1956, the defendant, Murphy, after preliminary negotiations, entered into a contract with appellant Huskamp for the purchase of a 1957 Ford automobile. Under the terms of the contract, Murphy was to pay approximately $150 in cash and furnish Huskamp with his 1954 Chevrolet as a down payment. The contract provided that the deferred balance of the sales price was to be financed by a responsible finance company at monthly payments of approximately $65. The contract also included the following statement upon which the issues of this appeal turn:
“This order is not valid unless signed and accepted by Dealer, and approved by a responsible finance company as to any deferred balance.”
In addition to the contract, Murphy also executed a power of attorney on his Chevrolet and a credit information form.
After the execution of the contract, Murphy was advised that his new Ford would be available on the following day. Murphy then left the agency with the Chevrolet with the avowed purpose of removing personal belongings from it and returning the next day to complete the transaction. About 4:00 P.M. of this same day, the fatal accident occurred.
Upon Murphy’s departure, Huskamp attempted to obtain financing for Murphy on the deferred balance. Murphy had requested bank financing but his credit was not good enough. At 4:45 P.M. of the day of the accident, General Acceptance Corporation submitted a proposal to Huskamp which was not suitable to Murphy’s needs as stated in the contract. Early the next morning, the matter was submitted to General Finance Corporation which tentatively approved the deal at 11:55 A.M. and finally approved the financing terms at 12:30 P.M. of December 7. Huskamp did not know of the accident until some time later. Hus-kamp then arranged to have Murphy assign to it the insurance benefits on the Chevrolet with the payment of an additional $50 to compensate for the portion of loss not covered by the insurance company. Murphy finally obtained his new Ford on December 19, 1956.
Upon the trial of this cause, Huskamp Motors moved for a directed verdict on the *98 basis it affirmatively appeared that Hus-kamp was not the owner of the Chevrolet at the time of the accident. The court below denied this motion and submitted the question of ownership to the jury which found against both defendants.
The appellant has raised several points for reversal but we feel the determinative issue to be the ownership of the automobile at the time of the accident. Whether or not title actually passed will depend upon a determination of the legal rights created by the contract between Hus-kamp and Murphy. Both parties urge the application of the contract but differ as to the rights created thereunder. The trial judge refused to interpret the contract but submitted the question of interpretation to the jury. Certainly this would be proper if the contract were, in fact, ambiguous or susceptible to one or more different conclusions. This was an ordinary automobile sales contract subject to conditions which clearly delineated the rights and obligations of the parties. Since there were no apparent ambiguities in the contract, it was error for the court below to submit the question of ownership to the jury. As stated in Friedman v. Virginia Metal Products Corp., Fla.1952, 56 So.2d 515, 516, 33 A.L.R.2d 956:
“It is a cardinal rule, that the construction of all written instruments, is a question of law and belongs to the courts, provided: ‘the language used is clear, plain, certain, undisputed, unambiguous, unequivocal, and not subject to conflicting interferences’. See 53 Am.Jur., sec. 268 on Trials, p. 227, and Wigmore on Evidence (3d ed.), sec. 2556, p. 523.”
Despite the appellee’s contentions that the construction of the contract was for the jury, he vigorously contends that the approval by a finance company was a condition subsequent which would terminate the previously existing obligation under the contract. The appellant’s view is that the questioned portion is a condition precedent to the creation of the obligation. The very tenor of these arguments is indicative of the fact that the contract created legal questions for the court’s determination rather than a factual issue for’ the jury.
Passing now to the nebulous field of conditions precedent and conditions subsequent, we find that an absolute determination of just which condition existed in this particular contract would not enlighten the basic question involved. See 3 Corbin, Contracts § 628. The primary question we are concerned with is the specific time that the ownership of the Chevrolet passed to Huskamp Motors. This question is necessarily governed by the express condition contained in the contract. This condition reduces itself to the simple proposition that there were no obligations under the contract on either side unless the deferred portion of the purchase price was approved for financing by a responsible finance company. It would be difficult to rationalize a theory whereby the ownership of the Chevrolet passed immediately to Huskamp and then, upon a failure to obtain financing, reverted back to Murphy. By a very reading of the contract, it is clear that no obligation existed until a satisfactory financing arrangement was obtained.
If the condition must be given some word of limitation, we feel that it must be considered a condition precedent. As stated by Corbin, supra, p. 515 :
“Conditions precedent, for our present purposes, are those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available.”
The terms of the contract as well as the conduct of the parties are consistent with ownership and control of the Chevrolet in Murphy, and inconsistent with *99 ownership and control in Huskamp. If Huskamp were the owner of the automobile, the insurance company would have no obligation to pay the loss incurred in the accident, when in fact, Murphy assigned to Huskamp the insurance proceeds along with $50 not compensated for in his “fifty dollar deductible” policy.
Both the appellant and the appellee have in varying degrees relied upon the decisions of the Supreme Court of Florida in the cases of Fletcher Motor Sales, Inc., v. Cooney, 158 Fla. 223, 27 So.2d 289; Ragg v. Hurd, Fla.1952, 60 So.2d 673; Palmer v. R. S. Evans, Jacksonville, Inc., Fla.1955, 81 So.2d 635; and McAfee v. Killingsworth, Fla.1957, 98 So.2d 738. On a review of these cases, the facts are quickly distinguishable from the facts in the case at bar. In the Palmer case and the Fletcher case, the court was confronted with conditional sales agreements where only the naked legal title was held by the motor company, with the beneficial ownership and control vested in the purchaser. It is apparent that in the above mentioned cases there was no question as to nonliability cn the part of the sellers. As a matter of fact, in the Fletcher case, the Supreme Court of Florida reversed the court below for failing to direct a verdict in behalf of Fletcher Motor Sales, Inc., when the evidence disclosed an executed conditional sales contract by the purchaser. Almost the identical situation from a factual standpoint existed in the Palmer case.
The Ragg case and the McAfee case involved purely and simply an issue of fact as to ownership of the vehicle in question in the absence of any written or express contract between the parties. In both of these cases the question of the intention of the parties, without any other evidence of ■ownership, became an issue of fact. It is readily discernable that the facts in the Ragg and McAfee cases are lacking in the ■one ingredient present in the case at bar, namely, a written contract setting forth the conditions of the contract as well as the rights and obligations of the parties thereunder. In the case at bar the intention of the parties was unambiguously expressed in a written contract and the terms thereof were susceptible of only one construction.
It necessarily follows that the defendant, Huskamp Motor Company, Inc., was entitled to have a verdict directed in its favor.
Accordingly, the judgment as to the appellant is reversed with directions to the trial court to enter judgment for Huskamp Motor Company, Inc.
Reversed with directions.
CARROLL, CHAS., C. J., and PEARSON, J., concur.