113 So.2d 771 (1959)
COX MOTOR COMPANY, a Florida corporation, Appellant,
v.
Elizabeth FABER, Appellee.
No. A-479.
District Court of Appeal of Florida. First District.
July 2, 1959.
Petition for Rehearing Stricken August 7, 1959.
*772 Alfred A. Green and Alfred A. Green, Jr., Daytona Beach, for appellant.
Maurice Wagner and Richard D. Bertone, Daytona Beach, for appellee.
MOODY, JAMES S., Associate Judge.
This is an appeal from a judgment in the Circuit Court for Volusia County, in a pedestrian-automobile collision case in which a directed verdict for the plaintiff, appellee herein, was returned pursuant to the court's order. The court found as a matter of law the defendant, appellant herein, to be the owner of the vehicle involved and liable for the damages sustained and submitting to the jury the sole question of the amount of damages to be awarded, pursuant to which verdict was returned in the amount of $23,416.
The pertinent facts pertaining to the legal issues presented by this appeal follow: on January 7, 1959, one Hildebrand came to the defendant's used car lot and after negotiations signed a contract to purchase a 1950 Chevrolet at a price of $295. The contract was entitled "Retail Buyer's Order" and specifically provided that the purchaser agreed to purchase, under the terms and conditions set forth therein, the automobile above described; that such terms and conditions comprised the entire agreement and no other agreement of any kind, verbal understanding or promise whatsoever, would be recognized and that said order was not binding on the defendant dealer until accepted by the dealer in writing. It appears that the following day the purchaser returned, the contract was accepted by the dealer's sales manager in behalf of the dealer and that an addition was made to the contract providing that the purchase price would be paid $50 in cash, execution of a note for $45, and the balance in twelve monthly installments. The purchaser paid the said $50 at that time, or within several days thereafter, and made a further cash payment of $15 on January 28, 1957. The automobile was delivered to the purchaser on January 8, and thereafter the said purchaser in driving said automobile was involved in an accident on February 7, 1957, the subject of this suit.
*773 The question naturally arising is as to the beneficial ownership of the automobile at the time of the accident. The general governing rule is that naked legal title does not determine ownership in considering tort liability but such ownership is determined by the party having a beneficial interest with control and authority over the use thereof. Palmer v. R.S. Evans, Fla., 81 So.2d 635. Whether or not such ownership actually passed depends upon a determination of the legal rights under the agreement to purchase between the defendant and purchaser. The parties differ as to the rights created thereunder. The trial judge rightfully undertook to interpret the contract as a matter of law, and did not submit the question of interpretation to the jury. This was an ordinary automobile contract to purchase subject to the conditions delineating the rights of the respective parties. Where there are no apparent ambiguities in the contract the interpretation of such contract is a question of law for the court. The pertinent provisions of the agreement are as follows:
"It is agreed that cash for used car or proceeds from the sale of such used car, accepted as a deposit on this order, shall be held in trust * * * until deal is effected."
A further provision provided:
"I agree to pay the balance on the terms specified and accept delivery of Car or Truck within forty-eight hours after I have been notified that it is ready. In case I fail to take delivery of Car or Truck when notified, my deposit may be retained as liquidated damages for your expense and efforts in the matter, and you may dispose of the Car or Truck without any liability to me whatsoever".
There then followed the following provision, which creates the primary problem in this case:
"It is expressly agreed that the purchaser acquires no right, title or interest in or to the property which he agrees to purchase hereunder until such property is delivered to him and either the full purchase price is paid in cash or a satisfactory deferred payment agreement is executed by the parties hereto, the terms of which shall thereafter be controlling".
The trial court in directing a verdict as to the ownership of the vehicle based its decision on the provision last above cited and held that as a matter of law this clause was controlling as to legal and beneficial ownership and that there had been no showing that the purchase price had been paid in cash or a satisfactory deferred payment agreement had been executed by the parties prior to the accident. This decision was apparently bottomed on the case of Huskamp Motor Co. v. Hebden, Fla.App., 104 So.2d 96, 97. However, we do not feel that such case is controlling in the case at bar.
The Huskamp case involved a situation where a prospective purchaser attempted to enter into a contract to purchase a car on which his old car was to apply as part of the down payment. He was to turn in his car the following day but in the interim was involved in an accident. It was held that the beneficial title to the car had not been transferred to the dealer. The contract provided:
"`This order is not valid unless signed and accepted by Dealer, and approved by a responsible finance company as to any deferred balance.'"
The Court held that compliance with this clause was a condition precedent to a binding contract. It should also be noted that the control and authority of use of the vehicle had not been transferred. In the instant case, to the contrary, control and authority of use had been transferred and it was specifically provided the contract was complete and binding when accepted by the dealer.
This case involves a contract to purchase, later to be replaced with a deferred *774 payment agreement or conditional sales contract. Thus it appears to differ from such cases as the Palmer case, supra, and Fletcher Motor Sales, Inc. v. Cooney, 158 Fla. 223, 27 So.2d 289, where the parties had executed conditional sales contract, the legal title remaining in the dealer but the beneficial title, control and authority of use being vested in the purchase. It is somewhat analogous to McAfee v. Killingsworth, Fla., 98 So.2d 738. Although that case involved an oral contract, it did recognize that where a party contracts to purchase a car, makes a payment thereon, and receives delivery, control and authority of use, he is considered the beneficial owner even though transfer of title was to be later perfected.
Obviously this was a binding written contract to purchase under which each party had mutual obligations and by which the purchaser had an equitable right resting in contract. 47 Am.Jur. 70, Malone v. Meres, 91 Fla. 709, 109 So. 677. Tingle v. Hornsby, Fla.App., 111 So.2d 274. An agreement to sell is generally held to be a sale on condition or conditional sale. In almost all jurisdictions a conditional sale is a sale in which the vendee receives the possession and right of use of the goods sold but the transfer of the title to the vendee is made dependent upon the performance of some condition or the happening of some contingency, usually the full payment of the purchase price. The contract in question could not be a technical bailment or lease. 47 Am.Jur. 7. Also see Annotation in 92 A.L.R. 305. The performance of the condition is a condition precedent to the vesting of the legal title in the purchaser but not to the vesting of certain contractual rights. The contract was nonetheless a conditional sales contract even though it contemplates the execution thereafter of another contract to secure the purchase price. Adams v. Askins, 215 Ala. 632, 112 So. 199; McAfee v. Killingsworth, supra.
Construing the first two clauses above set forth any payment made by a purchaser would be held in trust until the car was delivered, at which time such payment would be applied by the dealer on the purchase price. Upon the refusal of the purchaser to accept delivery the dealer could terminate the contract and retain the initial payment as liquidated damages; however, failure by the dealer to make delivery within time agreed would subject him to liability on the contract. With this basis in mind, it would appear that the beneficial ownership had been determined between the parties upon delivery and payment as provided and that the controversial clause would be concerned with and applicable only to the transfer or disposition of the legal rather than beneficial title. Paraphrasing the clause it states
"* * * the purchaser acquires no right, title or interest * * * until * * * a satisfactory deferred payment agreement is executed * * * the terms of which shall thereafter be controlling."
This can only refer to the reservation of the legal title for, by operation of law, the purchaser received certain contractual or equitable property rights upon the execution of a binding contract for purchase. The wording of the clause does not appear to be novel or unusual in conditional sales contracts. As early as Montenegro-Riehm Music Co. v. Beuris, 160 Ky. 557, 169 S.W. 986, 987, L.R.A. 1916C, 557, such language has been used. There the court held that the words "no title or interest in" the personal property would "pass to or be vested in" the purchaser did not prevent the purchaser receiving certain property rights thereunder.
To permit a party by contract to have possession of and a contractual vested interest in the ownership of a vehicle but yet to vest the legal and beneficial title in another and thereby avoid tort liability would be an anomaly in the law. It would be completely illogical to interpret this clause to mean that even though the purchaser has a binding contract, has a vested *775 right therein, accepts delivery, control and authority of use of the vehicle, and has made a substantial down payment thereon, that nevertheless he is not the owner in determining his tort liability to third parties.
We therefore hold that the purchaser held a binding contract to purchase pursuant to which he had accepted delivery, made a payment thereon and had control and authority of use thereof; that he was the beneficial owner of the automobile at the time of the accident and was the party liable for any damages resulting therefrom.
At the close of all evidence in the case at bar defendant made a motion for directed verdict, which should have been granted. Therefore, the judgment against the defendant is reversed with directions to the trial court to enter judgment for Cox Motor Company.
WIGGINTON, C.J., and STURGIS, J., concur.