WIGGINTON, Chief Judge.
Defendant in a personal injury action for damages arising out of an automobile collision has appealed a final judgment based upon a jury verdict rendered in favor of the plaintiffs. The principal point relied on by appellant for reversal is upon the premise that the trial court erred in denying its motion for directed verdict made at the conclusion of the evidence, and its motion for judgment following rendition by the jury of the verdict against it.
Appellant was sued for damages suffered by appellees when a motor vehicle allegedly owned, by appellant and while being operated with its knowledge and consent in a careless and negligent manner collided with the vehicle in which appellees were riding, as a proximate result of which appellees were injured. The sole defense to the action interposed by appellant was that it was not the owner of the vehicle which caused the damages suffered by appellees, nor was that vehicle operated with either the knowledge or consent of appellant.
The undisputed facts upon which the parties agree are that one Luther T. Baxter, Jr., purchased a 1965 Buick automobile from a dealer in Jacksonville under a retail installment contract, pursuant to which he acquired beneficial title to and immediate possession of the vehicle. The contract was in due course assigned to appellant bank an dseveral payments thereon were made by Baxter prior to the time he was inducted into. the armed forces of the United States. Following his induction he ceased making further payments on the contract, as a result of which the bank instituted a replevin action against him without bond or seizure as permitted by Chapter 78, F.S. Baxter was served with process and filed an answer claiming certain benefits under the Soldiers and Sailors Civil Relief Act, and prayed that the proceeding be stayed during the period of his military service. The bank filed a motion for summary judgment supported by an affidavit signed by its vice president averring that it was the owner and holder of the legal title to and entitled to the immediate possession of the Buick vehicle in question. At the hearing on the bank’s motion for summary judgment, Baxter appeared before the court in person and *345 was present during[1] the proceedings. At the conclusion of the hearing a summary final judgment was rendered by the court adjudging that the bank was the owner and entitled to the immediate possession of the Buick automobile described in the complaint and ordering the defendant Baxter to immediately surrender the vehicle to the bank. The judgment was dictated at the conclusion of the hearing but was not signed by the court until after the bank’s attorney and Baxter departed from the judge’s chambers.
It is at this point in the transaction that the testimony and evidence of the parties conflict as to the events which transpired immediately thereafter. The evidence, when considered in the light most favorable to the appellees, establishes that following the hearing before the court in the re-plevin action the judge stated that Baxter would have to sign some papers releasing the car to the bank, so the bank’s attorney and Baxter retired to the office of the judge’s secretary where the papers were typed and signed by Baxter in which he assigned to the bank his interest in the vehicle; that following this transaction the bank’s attorney inquired of Baxter as to the whereabouts of the vehicle, whereupon Baxter replied that it was parked downstairs but that it contained a sizeable quantity of his personal belongings which he wished to deliver to the home of his parents before surrendering possession of the vehicle to the bank; that the bank’s attorney gave his consent for Baxter to drive the vehicle to his parents’ home whose address Baxter gave to the attorney at that time, and Baxter was told that the bank would send a representative to pick up the vehicle within the next one or two hours; that Baxter drove the vehicle to the home of his parents where he removed from it his personal belongings and left the car, following which he returned to his duty station at Fort Gordon, Georgia; that Baxter returned to Jacksonville five days later and found that the bank had not called for the vehicle at the home of his parents; that before Baxter left Jacksonville to again return to his duty station in Georgia, he instructed his wife to drive the vehicle to the apartment she was then occupying and to deliver the vehicle to the bank the next morning; that it was while Baxter’s wife was driving the vehicle to her apartment as directed by her husband that the collision occurred resulting in the damages sued for herein.
Appellant’s witnesses denied taking any written assignment from Baxter of his interest in the vehicle following the hearing in the replevin action; denied giving Baxter permission to drive the vehicle to his home for the purpose of removing his personal belongings therefrom; and denied that there was any agreement or understanding to the effect that a bank’s representative would be sent to the home of Baxter’s parents within the next hour or two to pick up the vehicle. It was the testimony of appellant’s witnesses that Baxter refused to surrender possession of the vehicle to the bank’s attorney at the conclusion of the hearing in the replevin action but agreed to deliver it to the bank within the next hour or so following the conclusion of the hearing. According to the appellant’s evidence the bank had no knowledge as to where the home of Baxter’s parents was located and that after he did not deliver the vehicle to the bank as promised, efforts were made to locate it but to no avail; that the bank was still in the process of searching for the vehicle at the time they learned some five days later that it was involved in a collision with the vehicle of appellees.
It is the contention of appellant that the undisputed evidence establishes that it was the owner and holder of only the naked legal title to the vehicle purchased by Baxter; that it never acquired the beneficial title carrying with it the right to possession and control before the collision occurred. Under these circumstances it contends that no tort liability attached to it because of the negligent operation of the vehicle by Baxter’s wife which resulted in the damages suffered by appellees. In support of its position appellant relies upon the line of de *346 cisions commencing with Fletcher Motor Sales v. Cooney[1] and culminating in this court’s decision rendered in the case of Williams v. Davidson[2] in which it is held:
“In an uninterrupted line of decisions the Supreme Court of Florida has held that the seller of an automobile who retains the naked legal title thereto as security for the payment of the purchase price and whose authority over the use of the vehicle reposes in the purchaser as the beneficial owner, is not subject to the tort liability imposed upon the owner of an automobile operated by another.”
If the evidence supporting appellant’s position was undisputed, then it is clear that the trial court committed error in denying appellant’s motion for directed verdict and for judgment after verdict. As shown above, however, it cannot be said that the evidence relating to the crucial issue of which party was the beneficial owner of the vehicle was not in dispute. The jury was privileged to accept as true Baxter’s testimony that following the hearing in the replevin suit he executed an assignment of his right, title, and interest in the vehicle to the bank. This fact, coupled with the summary final judgment entered by the court adjudging that the bank was the owner and holder of the legal title to the vehicle, and entitled to itsi immediate possession, would constitute the bank the owner of both the legal and beneficial title carrying with it the right to immediate) possession. It therefore became a jury question as to whether Baxter in fact assigned his interest in the vehicle to the bank as testified to by him, and whether it was with the bank’s knowledge and consent that Baxter had possession of the vehicle at the time it was negligently operated and caused the damages suffered by appellees in this case. Resolving the disputed issues of fact in favor of appellees as the trial court was required to do in passing upon appellant’s motion for directed verdict, then the jury would be justified in finding a verdict in favor of appellees under the concept of tort liability pronounced by the Supreme Court in the case of Susco Car Rental System of Florida v. Leonard [3] in which it said:
“ * * * the logical rule, and, we think, the prevailing rationale of the cases, is that when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse. * * * ”
Appellant asserts that the judgment in its favor rendered in the replevin action finding that it was the owner of and entitled to possession of the vehicle was nothing more than a judicial predicate for the subsequent issuance of a writ of replevin, which writ was never issued. Since the retail installment contract by which Baxter purchased the vehicle was prepared in accordance with the provisions of Chapter 520, F.S., appellant asserts that its repossession, even by judicial process, did not vest in it beneficial ownership until all of the conditions set forth in F.S. Section 520.11, F.S.A., of the Retail Installment Sales Act, were complied with. Appellant correctly points out that no subsequent conditions outlined in the statute were complied with and therefore it contends that no beneficial title vested in it prior to the time the vehicle was involved in the collision described in the complaint. Such argument ignores the testimony of Baxter that following the hearing in the replevin action he executed and delivered to the bank’s lawyer an assignment of all his right, title, and interest in the vehicle as directed by the judge, which under the terms of F.S. Section 520.11(2), F.S.A., would have the legal effect of vesting ben *347 eficial title and right to exclusive possession in the bank without compliance with any further provisions of the statute.
For these reasons we hold that the trial court did not err in denying appellant’s motion for directed verdict and for judgment after verdict, and correctly submitted the disputed issues of fact to the jury for its determination and verdict.
The judgment appealed is accordingly affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. Fletcher Motor Sales v. Cooney, 158 Fla. 223, 27 So.2d 289.

. Williams v. Davidson, (Fla.App.1965) 179 So.2d 387, 389.

. Susco Car Rental System of Florida v. Leonard, (Fla.1959) 112 So.2d 832, 835-836.