OWEN, WILLIAM C., Jr. (Retired) Associate Judge.
This is a boating accident case. Several youths were riding in a motorboat in the intracoastal waterway at night when the vessel struck an object, causing personal injury to one of the passengers, plaintiff Matthew Reiss. He filed an action for damages against Mark Stirrup, alleged to have operated the boat negligently, and against Gregory Moss, alleged to have been the owner of the boat present therein at the time of the injury, and also alleged to have been independently negligent in proximately causing the injury because of (1) furnishing beer to the boat occupants, all minors, and (2) negligently failing to maintain a proper lookout. The court granted a summary judgment in favor of defendant Moss, and plaintiff Reiss and defendant Stirrup each appeal, the appeals having been consolidated.
Section 371.52, Florida Statutes (1979) provides that the owner of a boat is not liable for its negligent operation “. . . unless he is the operator or present in the boat when any injury or damage is occasioned by the negligent operation of such vessel.... ” Thus, Gregory Moss, while not the operator, nonetheless, being present in the boat, would be liable for its negligent operation if he was the owner.
Section 371.021(3), Florida Statutes (1979) defines owner as follows:
(3) “Owner” means a person, other than a lien holder, having the property in or title to a motorboat. The term includes a person entitled to the use or possession of a motorboat subject to an interest in another person, reserved or created by agreement and securing payment of performance of an obligation, *539 but the term excludes a lessee under a lease not intended as security.
Since it was undisputed that Gregory did not have title to the motorboat, he would have liability under Section 371.52, Florida Statutes, only if he had “property in” the boat.
“Property in a legal sense consists in the dominion which is rightfully and lawfully obtained over a material thing, with the right to its use, enjoyment and disposition.” Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 108 So. 623, 627 (1926). Although the legal title to the boat reposed in Gregory’s mother, it is clear from the record that Gregory had the use and enjoyment of the boat, and there is a genuine issue of material fact as to whether Gregory had the right to dispose of the boat, the depositions and affidavits in the record showing that approximately a week prior to the accident Gregory had traded this boat to defendant Stirrup for one of the latter’s boats. Furthermore, under the definition of ownership contained in Cox Motor Co. v. Faber, 113 So.2d 771 (Fla. 1st DCA 1959), a jury could infer that Gregory was the beneficial owner of the motorboat by virtue of having a beneficial interest with control and authority over the use thereof.
Because there were genuine issues of material fact relating to the question of whether Gregory Moss was the owner of the motorboat at the time of its alleged negligent operation, the court erred in entering the summary judgment which is the subject of this appeal.
Appellants have also argued that the summary judgment was error because of the alleged independent negligence of Gregory Moss. Those arguments are without merit. As to the furnishing of beer to the boat occupants (if Moss did so), such conduct would not independently impose liability on Moss for negligent operation of the vessel. United Services Automobile Association v. Butler, 359 So.2d 498 (Fla. 4th DCA 1978). As to his negligently failing to maintain a proper lookout, there is no evidence in the record that Moss was specially charged to act as a lookout, nor is there any evidence from which it might reasonably be inferred that the collision would not have occurred had Moss acted as lookout.
The summary judgment is reversed and this cause remanded for further proceedings.
ANSTEAD and BERANEK, JJ., concur.-