530 So.2d 421 (1988)
E.M. COONEY, As Personal Representative of the Estate of Laura Lynn Cooney, Deceased, Appellant,
v.
JACKSONVILLE TRANSPORTATION AUTHORITY, Prestige Pontiac, Inc., and McLain Rose, Inc., a Corporation, Appellees.
Jerry Morris Walker, Appellant,
v.
JACKSONVILLE TRANSPORTATION AUTHORITY, et al., Appellees.
Viki J. SANDERS, As Personal Representative of the Estate of Bobby James Sanders, Appellant,
v.
JACKSONVILLE TRANSPORTATION AUTHORITY, et al., Appellees.
Nos. 87-759, 87-869 and 87-867.
District Court of Appeal of Florida, First District.
August 24, 1988.
*422 Donald G. Nichols, of Nichols & Nichols, and Williams, Shad & Saalfield, Jacksonville, for appellants.
Daniel C. Shaughnessy, of Coker, Myers & Schickel, Jacksonville, for appellees.
WENTWORTH, Judge.
Appellants seek review of a summary final judgment for appellee Prestige Pontiac on the issue of liability in consolidated actions for wrongful death and negligence. We find that the undisputed material facts establish that Prestige Pontiac is not liable in these actions, and that the summary judgment was properly entered.
Prestige Pontiac sold a car to John McDaniel, who took delivery, had sole possession and made the payments. Title to the car was listed in McDaniel's and his stepfather's names. About nine months after this sale, McDaniel was involved in an accident. Prestige Pontiac and other defendants were then sued by several plaintiffs. The evidence suggests that the signature of McDaniels' stepfather on the Power of Attorney, which was used to apply for title, may have been forged. And it was indicated that both signatures on the Power of Attorney were notarized by Prestige Pontiac's employee, although neither McDaniel nor his stepfather were present during notarization.
Section 319.22(1), Florida Statutes, addresses the transfer of title for mobile homes and motor vehicles, and provides that "no court shall recognize the right, title, claim or interest of any person ... unless evidenced by a certificate of title duly issued to that person." The statute further provides that no person shall acquire marketable title until issued a certificate of title. Appellants contend that in the circumstances of this case the certificate of title was not duly issued, and that title thus never passed to McDaniel. However, section 319.22(1) deals only with marketable title, and does not govern the seller's liability for the purchaser's negligent operation of the vehicle. See Platt v. Dreka, 79 So.2d 670 (Fla. 1955); see also, section 319.22(2), Florida Statutes. Rather, such liability is properly based on the beneficial ownership and use of the car. Register v. Redding, 126 So.2d 289 (Fla. 1st DCA 1961); Cox Motor Co. v. Faber, 113 So.2d 771 (Fla. 1st DCA 1959). Even if the transaction in the present case did not comply with the technical requirements of chapter 319, so as to preclude the passing of marketable title, Prestige Pontiac still was not the beneficial owner of the car. See generally, Cox Motor Co., supra. A summary judgment may be entered when there is no disputed issue as to the material facts. See Evens v. Eastern Air Lines Inc., 468 So.2d 1111 (Fla. 1st DCA 1985). Since the undisputed facts establish that Prestige Pontiac is not liable in these actions, summary judgment was appropriate.
The order appealed is affirmed.
ERVIN and BOOTH, JJ., concur.