Randall S. **BRAGG,** et al., Plaintiffs,

v.

**BILL HEARD CHEVROLET, INC.-PLANT CITY, Defendant.**

No. 8:02–CV–609–T–30EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 14, 2003.

James D. Clark, Clark, Charlton & Martino, P.A., Tampa, FL, Theresa I. Wigginton, Law Office of Theresa I. Wigginton, Brandon, FL, for Randall S. Bragg, Robert I. Crabtree, Sharon Crabtree, April D. McGehee, Mitchell D. Murdock, Christopher E. Nichols, Bond Nichols, Nonie Stebbins, Andre E. Reichert, Donald E. Stebbins, Steven Michael Wiedeman, plaintiffs.

Chris S. Coutroulis, David Matthew Allen, Marty J. Solomon, Carlton Fields, P.A., Tampa, FL, Jennifer S. Eden, Catherine J. Livingston, Gronek & Latham, LLP, Orlando, FL, for Bill Heard Chevrolet, Inc.–Plant City, defendant.

James E. Foster, Kathryn B. Hoeck, Akerman, Senterfitt & Eidson, P.A., Orlando, FL, Mark Lonegran, John B. Sullivan, Severson & Werson, San Francisco, CA, for WFS Financial, Inc., defendant.

James Moran Shuler, Scott Allan Frick, Kass, Shuler, Solomon, Spector, Foyle & Singer, P.A., Tampa, FL, for Triad Financial Corp., defendant.

Jeremy A. Koss, Koss & Jacobs, P.A., Hollywood, for Affiliated Financial Corporation, defendant.

## ORDER

MOODY, District Judge.

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Rehearing on January 24th Order and February 3rd Order and Memorandum of Law in Support (Dkt.# 83). After close consideration this Court denies Plaintiffs' motion.

## BACKGROUND

Plaintiffs brought this putative class action seeking statutory penalties, damages and restitution for alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") against Bill Heard, Florida Motor Vehicle Retail Sales Finance Act claims, Fla. Stat. § 520.01, et seq. ("Section 520") against Bill Heard, Florida Deceptive and Unfair Trade Practices claims, Fla. Stat. § 501.211 ("FDUTPA") against Bill Heard, and for restitution against all Defendants.

On September 25, 2002, Plaintiffs filed their Third Amended and Supplemental Class Action Complaint and Demand for Jury Trial (the "Complaint") (Dkt.# 38). Plaintiffs' claims centered on disputes arising out of their purchases or attempted purchases of motor vehicles from Bill Heard. The Plaintiffs' federal claim alleged that Bill Heard failed to comply with the mandatory disclosure requirements of

TILA with respect to two of the Plaintiffs, Bragg and Crabtree.

Bill Heard moved to dismiss Bragg and Crabtree's TILA claim, arguing that Bragg and Crabtree never consummated a transaction with Bill Heard in which a TILA violation occurred. Plaintiff Crabtree conceded in the Complaint that he returned the motor vehicle he attempted to purchase and received his trade-in and down payment back from Bill Heard. Plaintiff Bragg conceded in his response to Bill Heard's motion to dismiss that there were no TILA violations in the final Retail Installment Sales Contract ("RISC").[1] Instead, Plaintiffs argued that because there were uncorrected TILA violations in unfunded RISCs, Bill Heard was still liable under TILA.

On January 24, 2002, this Court entered its order granting in part Bill Heard's motion to dismiss. This Court dismissed with prejudice Bragg and Crabtree's TILA claims, concluding as a matter of Florida law that no transaction ever consummated in which a TILA violation occurred.[2] With no remaining federal claims before it, this Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismissed this action without prejudice.[3]

On January 29, 2003, Plaintiffs belatedly filed a motion to have a new plaintiff intervene. On February 3, 2003, this Court concluded that a motion to intervene was untimely and struck the motion to intervene.

## LEGAL ANALYSIS

A motion to alter or amend a judgment under Federal Rules of Civil Procedure Rule 59(e) lies within the sound discretion of the district court. *See American Home Assurance Co. v. Glenn Estess & Assocs., Inc.,* 763 F.2d 1237, 1238, 1239 (11th Cir. 1985). The underlying motion that this Court is being asked to reconsider is a motion to dismiss. Plaintiffs are correct that the appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiffs can prove no set of facts to support their claims. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *South Florida Water Management Dist. v. Montalvo,* 84 F.3d 402, 406 (11th Cir.1996); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993). This court, however, may dismiss a complaint on a dispositive issue of law. *See Marshall County,* 992 F.2d at 1174; *Hunt v. American Bank & Trust Co.,* 783 F.2d 1011, 1013 (11th Cir.1986). This Court's January 24, 2003, order dismissed the Complaint based on a dispositive issue of law: when consummation occurred.

### A. Consummation

■ Bill Heard had no obligation to provide TILA disclosures prior to obtaining financing approval. TILA requires disclosure of certain information "before credit is extended." 15 U.S.C. § 1638(b)(1). Section 226.17(b) of Regulation Z inter-

1. Plaintiffs attached all the RISCs and purchase agreements for Bragg.

2. This Court's ruling was based on the allegations concerning Bragg and Crabtree and not on the class allegations contained in the Complaint. No notice or opportunity to be heard was afforded to members of the class other than the named plaintiffs. This Court's order should have no effect on any claim other than the TILA claims of Bragg and Crabtree (the two named plaintiffs with TILA claims). *See, e.g., Twigg v. Sears, Roebuck & Co.,* 153 F.3d 1222, 1226–29 (11th Cir.1998).

3. When asked at oral argument on January 14, 2002, Plaintiffs' counsel responded that if there was no TILA violation, then there was no reason for this Court to exercise supplemental jurisdiction. *See* Hrg. Tr. 1/14/03 at 47.

prets "before credit is extended" to require disclosure prior to the consummation of the transaction. 12 C.F.R. § 226.17(b). Consummation is further defined as "the time that a consumer becomes contractually obligated on a credit transaction." *See* 12 C.F.R. § 226.2(a)(13).

The Supreme Court has held that courts, like this Court, must grant great deference to the official staff commentary of Regulation Z. *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 566, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). The official commentary on the definition of consummation indicates that state law, not Regulation Z, determines when a consumer becomes contractually obligated. *See* 12 C.F.R. Pt. 226, Supp. 1 (Official Staff Interpretations), Commentary 2(a)(13). Florida contract law construes contract clauses like those in this case to create a condition precedent to contract formation. *See Huskamp Motor Co. v. Hebden,* 104 So.2d 96, 98 (Fla. 3d DCA 1958).[4]

This Court is not "eviscerating" TILA with its decision. It is, instead, heeding the Supreme Court's admonition and following the Federal Reserve Board's Official Staff Interpretation, which in turn requires this Court to follow Florida contract law.[5]

Plaintiffs rely on the recent decision of the Fourth Circuit in support of their expansion of liability under TILA. *See Nigh v. Koons Buick Pontiac GMC, Inc.,* 319 F.3d 119 (4th Cir.2003). Plaintiffs are cor-

rect that in *Nigh* the Fourth Circuit held that TILA can encompass unfunded financing agreements. *See* 319 F.3d at 123. In the *Nigh* opinion, the Fourth Circuit, however, neither discusses the official interpretation of "consummation" under Regulation Z nor Virginia contract law. Instead, the Fourth Circuit concluded that the general consumer protection policy contained in TILA would be better served by extending coverage to unfunded financing agreements. *See id.* at 123–24.

This Court is not free to ignore the official staff interpretation (or Florida law) to reach what may or may not be a better policy result. This Court will defer to the Federal Reserve Board and its interpretation of consummation. In this case, this deference leads to the inescapable conclusion that Plaintiffs Bragg and Crabtree cannot state a claim for relief because an unsatisfied condition precedent existed in the transactions that contained alleged TILA violations.

## B. Estimates

Bragg renews his argument that this Court's ruling makes the TILA disclosures provided by Bill Heard estimates. Bragg does not argue that any disclosures made by Bill Heard were inaccurate based on the parties written agreement or the date that the parties agreed to use in the transaction documents. Instead, Bragg argues that the disclosures made were estimates because he did not have title to the motor

---

**4.** This Court has twice held that title to the motor vehicles did not pass when the original RISCs and purchase agreements were signed. While Plaintiffs may disagree, the documents attached to the Complaint are unambiguous that title passed only on (among other things) financing approval.

**5.** This Court's decision on January 24, 2003, was in no way based on the fact that Bill Heard was not a creditor for TILA purposes. This Court declines to reach the "deception"

issue raised for the first time in this motion by Plaintiffs. If this Court took Plaintiffs' invitation, it would first have to disregard an unambiguous contract and decide Plaintiffs novel state law claims. If those claims by chance are successful, it could then make a determination on Plaintiffs' TILA claims. Such a process is inefficient. Additionally, this Court has serious concerns about whether many of Plaintiffs' Section 520 and FDUTPA theories are supported under existing law (or nonfrivolous extensions/modifications thereto).

vehicle and the contract was not actually consummated on the date contained in the contract. This Court in its prior orders (Dkts.# 35, 58) did not make a distinction between conditions precedent or subsequent. The cases cited by this Court may have involved conditions subsequent, but this does not change this Court's analysis. Buyers and car dealers are not prohibited under TILA from backdating a contract. Such arrangements provide benefits and value to consumers. In this case, Bragg got use of a motor vehicle without paying the rental fee due under the bailment agreement in exchange for backdating the contract. TILA is a statute that makes sure that the disclosures given to a consumer are accurate based on their agreement with the creditor. TILA does not prohibit, restrict, or otherwise control the parties right to freedom of contract.

### C. Motion to Intervene

 Finally, Plaintiffs argue that this Court should have not stricken their motion to intervene because at 4:48 PM on January 23, 2003 (the night before the January 24, 2003 order was entered) they filed a notice with this Court telling this Court of their intent to have Cone intervene. A motion to intervene must be timely filed. *See United States v. U.S. Steel Corp.*, 548 F.2d 1232, 1235 (5th Cir. 1977); *Haymond v. Lundy*, 205 F.Supp.2d 390, 400 (E.D.Pa.2002). Filing a notice at the eleventh hour and a motion four days later in these circumstances was not timely. Cone has offered no excuse for his delay in intervening in this suit. This action has been pending for over a year. The motion to dismiss that this Court granted was pending for over three months, and oral argument on the pending claims had been heard nine days before the filing of the notice. At that oral argument, Plaintiffs did not raise the possibility of intervention. Instead, Plaintiffs stated that there was no reason for this Court to retain jurisdiction if it dismissed Bragg

and Crabtree's TILA claims. If Cone wishes to pursue his TILA claim, he may do so in a new suit. Without any reason for such a delay and with no prejudice to Cone, there is no reason for this Court to reconsider its February 3, 2003, order striking his motion to intervene.

It is therefore ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Rehearing on January 24th Order and February 3rd Order and Memorandum of Law in Support (Dkt.# 83) is **DENIED**.

(2) The clerk is directed to terminate all pending motions and close this file.