117 So.2d 11 (1960)
Gladys HICKS, a Widow, Appellant,
v.
W.W. LAND, Appellee.
No. B-98.
District Court of Appeal of Florida. First District.
January 5, 1960.
Rehearing Denied January 25, 1960.
J.B. Hodges, Lake City, for appellant.
W. Brantley Brannon, Lake City, for appellee.
WIGGINTON, Chief Judge.
This appeal is from a final judgment entered pursuant to a directed verdict in favor of appellee, who was defendant in the cause. It is contended that the trial court committed error in refusing to admit in evidence a conditional sales contract showing title to the truck in question to be in defendant, and in directing a verdict in favor of defendant when the evidence was in conflict *12 on the issue of whether defendant was the owner of the truck at the time of the accident which resulted in the death of plaintiff's decedent.
The evidence reveals without dispute that defendant Land is a pulpwood broker who purchases and ships pulpwood to St. Mary Kraft Corporation. St. Mary purchased and sold to Land under a conditional sales contract a new truck equipped for use in the pulpwood business. Title to the truck was registered in Land's name, who immediately delivered the truck to one Worth Hull, a pulpwood producer who cut and delivered wood to Land for shipment to St. Mary. It was agreed between Land and Hull that the purchase price for the truck of $2,400 would be paid by Hull in fifty-two equal payments, the amount of which would be deducted weekly by Land from the amount earned by Hull for the wood he cut and delivered for Land's account. It was further agreed that upon payment of the full purchase price, title to the truck would be transferred to Hull.
Under the foregoing arrangements the truck was delivered to Hull in the latter part of September or early October 1955, and used daily by Hull and his employees, including plaintiff's decedent, until the time of the fatal accident which occurred in June, 1956. During this interval, the weekly payments on the purchase price of the truck were deducted by Land from the amounts earned by Hull as agreed, and the truck was under the domination and control of Hull and his employees, who had complete authority of the use thereof. After the accident in which the truck was substantially destroyed, Hull completed payment of the balance due on the purchase price, and title to the truck was transferred to and duly registered in his name.
Both Hull and defendant Land were called and testified as witnesses for plaintiff. Despite the admissions of fact by Hull as outlined above, he insisted on direct examination that he was not the owner of the truck at the time of the accident, but ownership was vested in Land. Appellant relies on this testimony by Hull as constituting the conflict in the evidence relating to ownership which should have carried the case to the jury.
In the Cox Motor Company case[1] this court held that when a motor vehicle is delivered to a purchaser who accepts delivery and makes payments on the purchase price thereof, and who has control and authority over its use, such person is the beneficial owner of the vehicle and liable in tort for damages occasioned by its negligent operation, despite the retention of legal title by the seller until such time as the purchase price is paid in full.
We are of the view that the foregoing rule controls our decision, under the uncontradicted facts in this case. Hull's statement that he was not the owner of the truck is a conclusion of law which is not only unsupported by but is in direct conflict with the controlling facts affirmatively testified to by him on cross-examination. The trial court, therefore, did not err in disregarding this conclusion of the witness in holding upon the evidence that ownership of the truck was in Hull, and that a verdict on liability should be directed for defendant Land.
Land was called as a witness by plaintiff, and in response to questions propounded to him on direct examination admitted that the certificate of title to the truck in question was registered in his name at the time of the accident. On cross-examination Land testified that on the day following his purchase of the truck he sold and delivered it to Worth Hull, who accepted delivery and thereafter used it daily in his business of cutting and delivering pulpwood. On redirect examination plaintiff sought to introduce in evidence a copy of the conditional *13 sales contract under which Land had purchased the truck from St. Mary Kraft Corporation. A timely objection to this proffer was sustained on the ground that the contract did not purport to impeach Land's testimony that title to the truck was registered in his name, and that he had sold the truck to Hull long before the accident out of which plaintiff's cause of action arose.
Plaintiff contends the court erred in rejecting her proffer of the mentioned conditional sales contract for the reason that the contract contained an agreement by Land to procure and maintain liability insurance on the truck until the full purchase price was paid St. Mary. Plaintiff argues that if the contract had been properly admitted in evidence, she would then have had the right to examine Land on the issue of whether he had in fact procured and maintained liability insurance on the truck after its alleged sale to Hull, which answer, if in the affirmative, would have been a factor for the jury to have considered in determining ownership of the truck at the time of the accident.
In a personal injury action for damages arising out of the negligent operation of a motor vehicle, the question of whether defendant maintained liability insurance on the vehicle alleged to be owned or operated by him is not a proper subject of inquiry when ownership or operation of the vehicle by defendant is not in dispute. In this case, however, since ownership of the truck was denied by defendant Land, the question of whether he maintained liability insurance on it at the time of the accident was a proper subject of inquiry under the holding of the Second District Court of Appeal in the Barnett case.[2]
The answer to appellant's contention on the point now under consideration is that the conditional sales contract was not offered in evidence for the purpose now asserted. Furthermore, reception of the contract in evidence was not a prerequisite to plaintiff's right under the facts in this case to interrogate Land on the question of liability insurance. Plaintiff had the right, irrespective of the contract, to develop the question of liability insurance by his interrogation of Land, and any affirmative answers Land might have given could have been properly considered by the jury in determining the issue of ownership of the truck. Such affirmative answers would have created a genuine issue of material fact on the question of ownership, and precluded the direction of a verdict for defendant.
A careful examination of the record before us fails to reveal any attempt by plaintiff to develop by interrogation or otherwise the question of whether liability insurance on the truck had been procured and maintained by Land prior to the accident. Having failed to avail herself of the rights accorded her under the rule in Barnett, plaintiff cannot complain on such a tenuous theory that the court committed harmful error in excluding from evidence a document which was merely cumulative evidence of the fact that Land had purchased the truck from St. Mary prior to the accident, a fact already admitted by the testimony of the party sought to be charged thereby.
Judgment affirmed.
STURGIS and CARROLL, DONALD K., JJ., concur.
NOTES
[1] Cox Motor Company v. Faber, Fla.App. 1959, 113 So.2d 771.
[2] Barnett v. Butler, Fla.App. 1959, 112 So.2d 907.