314 So.2d 801 (1975)
Ruth GREEN, Appellant,
v.
Phoebe Diehl GREEN, As Executrix of the Estate of William Clinton Green, Deceased, Appellee.
No. 74-947.
District Court of Appeal of Florida, Third District.
June 10, 1975.
Rehearing Denied July 23, 1975.
Creel & Glasgow, Miami, for appellant.
Brumer, Moss, Cohen & Rodgers, Richard M. Gale, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Appellant appeals an order directing her to turn over the sum of $60,000 together with interest earned to the executrix of the estate of her deceased husband for deposit into the estate account.
Ruth Green, defendant in the trial court and appellant herein, is the widow of Clinton *802 Green, an attorney. On March 20, 1973, two days prior to his demise, Clinton Green received a check for $60,490 payable to him for a legal fee and certain advances, drawn by a client on the Jefferson National Bank of Miami Beach, Florida. Thereupon, Clinton Green immediately prepared and delivered to the First National Bank of South Miami a letter, with the aforesaid check endorsed by him for collection. The letter instructed the bank upon collection to issue cashier's checks in the following amounts to the following persons:

 "Ruth Green, Office Manager Account ......... $ 490.00
 "Clinton Green or Ruth Green ................ 20,000.00
 "Clinton Green or Ruth Green ................ 20,000.00
 "Clinton Green or Ruth Green ................ 10,000.00
 "Clinton Green or Ruth Green ................ 5,000.00
 "Clinton Green or Ruth Green ................ 3,000.00
 "Clinton Green or Ruth Green ................ 2,000.00
 ___________
 $60,490.00"

Thereafter, the First National Bank of South Miami, below Mr. Green's signature, acknowledged receipt of the check and the accompanying instruction. The check was processed for collection and paid on March 21, 1973. Clinton Green died suddenly on March 22, 1973. On the following day, Ruth Green, the appellant, accompanied by her attorney, went to the First National Bank of South Miami, received the six cashier's checks totaling $60,000 and payable to Clinton Green or Ruth Green, cashed the checks and placed the funds in various lock-boxes in the names of her sisters. Appellant also received the check for $490 payable to herself as office manager account and deposited same to the credit of the office account. The Estate of Clinton Green through its executrix, Phoebe Diehl Green, requested a return of these funds and upon appellant's refusal filed the instant action for return thereof. The cause proceeded to a non-jury trial at which plaintiff-appellee presented evidence to the effect that because of the tax problems the deceased was experiencing with the IRS, an office procedure had been developed whereby payments to the deceased by clients were directed to the First National Bank of South Miami for collection with instructions to thereafter issue cashier's checks in the sole name of Ruth Green who then would deposit the funds in her account and disburse them to the office account as needed. Two witnesses who were friends of Ruth and Clinton Green testified on behalf of the defense that Clinton Green on separate occasions had informed each of them that he expected to receive a $60,000 fee and that this money was for his wife, Ruth. At the conclusion of the trial, the judge determined that there was no indication of a gift intended by the decedent and even if a gift was intended, it never was consummated by any act of delivery. Thereupon, the court ordered Ruth Green to return the $60,000 to the estate. Defendant Ruth Green seeks review of this order. We reverse.
The authorities are numerous that to sustain a gift inter vivos there must be (1) an intention of the donor to transfer a present interest, (2) delivery by surrender of dominion and control to the donee, and (3) acceptance of the gift by the donee. See 15 Fla.Jur. Gifts § 11 et seq. (1957) and cases cited therein.
As to the first element, the record in the case at bar reflects that the testimony of the defense witnesses that Clinton Green had told them that the $60,000 was Ruth's is unrefuted and thus, we find the existence of a donative intent on the part of the deceased.
Next, we considered the question of delivery, i.e. surrender of dominion and control by the donor, which is the fundamental issue in this appeal. We are concerned herein with a gift of an undivided interest in funds and by the very nature thereof this element of delivery relating to gifts inter vivos cannot be strictly and literally applied. Where the nature of a gift is a joint fund as in the case sub judice, the surrender of dominion and control is satisfied if there exists an intention that each party shall have a present, equal right to *803 withdraw the funds. Chase Federal Savings and Loan Association v. Sullivan, Fla. 1960, 127 So.2d 112; Hilton v. Upton, Fla.App. 1967, 204 So.2d 352. In the case sub judice, the cashier's checks were made payable to appellant or her husband and, therefore, each had a present, equal right to cash these checks and receive the proceeds. Thus, we have determined there was an effective delivery.
Lastly, appellant cashed the checks and the element of acceptance was completed thereby. The presumption that the $60,000 was a gift to the appellant then could be overcome only by evidence so clear, strong and unequivocal as to remove every reasonable doubt as to the existence of the gift. See D'Uva v. D'Uva, Fla. 1954, 74 So.2d 889. The evidence presented by the plaintiff to overcome this presumption was the office procedure which had been developed by the deceased as a result of his tax problems with the IRS. However, it is undisputed that prior to the receipt of the $60,000 fee, the deceased had reached a compromise agreement with the Internal Revenue Service which would negate the necessity for the continuance of the hereinabove described office procedure. Hence, we find that the evidence presented by the plaintiff was not so clear, strong and unequivocal as to overcome the presumption of the gift.
Upon the authorities cited and for the reasons stated, we hereby reverse the herein appealed order and remand the cause to the trial court with directions to enter judgment in favor of the appellant Ruth Green with a provision that the Estate of William Clinton Green, deceased shall compensate the appellant for that portion of the $60,000 which appellant expended to pay the Internal Revenue Service for taxes and for which the estate will be credited as a result thereof.
Reversed and remanded with directions.