400 So.2d 1292 (1981)
Margaret REINER and Milton Reiner, Appellants,
v.
Alfred W. REINER and Dorothy Reiner, Appellees.
No. 80-1736.
District Court of Appeal of Florida, Fourth District.
July 1, 1981.
Rehearing Denied August 7, 1981.
Patrick O'Neal of O'Neal & Booth, P.A., Fort Lauderdale, for appellants.
Richard L. Polin and Robert A. Brown, Fort Lauderdale, for appellees.
HURLEY, Judge.
Appellants challenge a trial court's finding that an inter-family transfer of monies constituted a gift rather than a loan. We believe that the court's decision was based upon an erroneous interpretation of the law and, consequently, we reverse.
*1293 Appellant, Margaret Reiner, is the eighty-eight year old aunt of appellee, Alfred Reiner. Margaret resided with Alfred and Dorothy Reiner for several years, first in New Jersey and then in Florida. In February of 1972, Margaret and Alfred opened a joint savings account with a right of survivorship at a Broward County bank. All of the monies deposited into the account were Margaret's. Moreover, Margaret retained the passbook, and Alfred made no deposits or withdrawals other than on one occasion when by accident a sum was withdrawn by the bank and credited against an overdraft by Alfred. As soon as the bank's action was discovered, Alfred deposited money to cover the withdrawal.
In July of 1974, with Margaret's permission, Alfred withdrew $17,500.00 from the savings account and paid off the mortgage on a home which was titled in Alfred's and Dorothy's names. Herein lies the controversy: Margaret claims the transfer was a loan while Alfred says it was a gift.
After a bench trial, the court ruled in favor of Alfred finding that:
The transaction whereby the sum of $17,500.00 was withdrawn from a joint savings account, held in the names of MARGARET REINER and ALFRED W. REINER, with right of survivorship intended, was not a transaction which amounted to a loan by MARGARET REINER to ALFRED W. REINER but was, by the nature of the said savings account, a gift. The Court finds that no loan or mortgage was intended and no unjust enrichment occurred.
We begin by considering the trial court's conclusion that the transfer was a gift because of "the nature of the ... savings account." In Chase Federal Savings and Loan Association v. Sullivan, 127 So.2d 112, 114 (Fla. 1960), our Supreme Court, referring to an earlier holding, noted that "`where a joint bank account with right of survivorship is established with the funds of one person, a gift of the funds remaining in the account at the death of the creator of the joint account is presumed, but ... such presumption may be rebutted.'" Obviously, in the case at bar we are dealing with an allegation of an inter vivos gift, but the principle remains the same, i.e., the existence of a joint account, at most, gives rise to a rebuttable presumption of a gift. For there to be a present inter vivos gift, "there must exist an intention that each party shall have a present, equal right to withdraw the funds." Id. at 114.
The testimony in the case at bar unequivocally shows that the joint account was established for survivorship purposes only and that Alfred did not have the present ability to withdraw funds from the account. Asked why it was a joint account, Margaret Reiner replied, "In case I died, he (Alfred) would have it. In case he died, I would have it." She further testified that she always retained the passbook in her possession. Moreover, Alfred freely admitted that he knew he did not have the ability to withdraw funds without his aunt's permission. In point of fact, and excluding the withdrawal in contention here, Alfred only caused funds to be withdrawn from the account on one other occasion and that was by mistake.
Thus, the trial court erred when it concluded that the $17,500 transfer was a gift simply because of the nature of the account from which the monies were withdrawn. The question remains, however, whether other testimony in the record would establish the transaction as a gift. In this regard, it is generally recognized that three elements must be shown to support a finding of gift: donative intent, delivery of possession and surrender of dominion and control. Eulette v. Lynch, 101 So.2d 603 (Fla. 3d DCA 1958). It is the first of these elements, donative intent, which is the determinative issue in this case.
The transaction in question here took place in a close, family atmosphere, apparently after minimal discussion and with no written or signed record. Thus donative intent must be divined from the recollections of the parties coupled with their contemporaneous actions. Margaret consistently testified that she loaned the *1294 $17,500 to Alfred and agreed to an interest rate of 5% per annum on the unpaid balance. To corroborate her position, she produced a record of her payments to Alfred and Dorothy for board and room which indicated that in August of 1974, and thereafter, she reduced her monthly payment from $150 to $75. According to her testimony, the loan was being repaid at $75 per month, most of which consisted of interest. Equally significant is the fact that Alfred did not directly contradict his aunt. Nowhere in his testimony does he state that she explicitly referred to the transaction as a gift. Alfred inferred that to be his aunt's intent, but at a pretrial deposition he candidly admitted that he had little recollection of the conversation and events preceding the transfer. Moreover, when pressed at trial for his recollection of his aunt's exact words, he stated, "that she would, because of the interest and taxes and things like that, she would reduce the amount of the money that she was giving the family, my wife or whoever  I don't remember getting it myself  but she would reduce it by that, yes." In other words, though the terms of the transaction were vague, according to Alfred's own testimony, his aunt gave him money on the condition that there be a payback arrangement through the reduction of monthly board and room payments. This negates the notion of a free and clear gift.
Accordingly, we reverse and remand the cause to the trial court with instructions to conduct a supplemental hearing to determine the amount already repaid and to implement a remedy which permits appellee to repay the remainder of the debt at 5% interest per annum with minimum monthly payments of $75.00.
HERSEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting:
Although I may not have reached the same conclusion, I cannot say that there was not sufficient competent evidence in the record to support the trial court's conclusion that the transaction in issue constituted a gift instead of a loan. A review of the testimony presented at trial clearly indicates that the decision of the trial court was predicated on a judgment as to the credibility of the witnesses. The main witnesses, Margaret and Alfred, testified in complete contradiction of the other's testimony on the gift issue. I would affirm the trial court's decision.