# CAPLAN v DREYFOOS

Case No. 87-55451-CA-25

Eleventh Judicial Circuit, Dade County

September 13, 1989

## APPEARANCES OF COUNSEL

**Claudia Caplan,** pro se.

**Michael J. Osman,** for defendant.

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

THIS CAUSE duly came before the Court for non-jury trial on August 29, 1989. The Complaint sought to recover monies allegedly as two loans, whereas Defendant alleged the monies were a gift, in one incident, and a loan to a venture in the other incident. The Court will not explore here the details of the intimate relationship of the parties except to indicate that that was considered insofar as relevant.

The Court heard the testimony of both parties, viewed the evidence and after adjudging the credibility of the witnesses, the Court hereby finds that the credibility, the law and equities and the reason and common sense of the incidents to be with the Plaintiff. Accordingly, the Court finds that Plaintiff has proven her case as required by law and that both incidents related to monies advanced from Plaintiff to Defendant which were to be repaid as loans. See *Reiner v Reiner*, 400

So.2d 1292 (Fla. 4th DCA 1981) loan as opposed to gift, and no donative intent.

Further,

". . . Where a confidential relation existed between the donor and the donee at the time of the gift, it is generally considered to be presumptively void, and the burden of proof is on the donee to show the absolute fairness and validity of the gift, and that it is free from the taint of undue influence. . . ." *Allen v Allen,* 123 So.2d 355, 356 (Fla. 2d DCA 1960).

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Plaintiff do have and recover judgment against Defendant, and that Defendant, Lee Dreyfoos, pay to Plaintiff, Claudia Caplan, the sum of $18,000, plus interest at the rate of 12% per annum from January 1, 1986, until paid, for which sums let execution issue.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 13th day of September, 1989.