595 So.2d 90 (1992)
Patricia Jane JONES and Logan M. Jones, Jr., Appellants,
v.
GULF COAST NEWSPAPERS, INC., Appellee.
No. 90-03633.
District Court of Appeal of Florida, Second District.
January 24, 1992.
Rehearing Denied March 31, 1992.
Samuel G. Crosby of Miller, Crosby & Miller, P.A., Lakeland, for appellants.
James R. Freeman and Lee A. Miller of Shear, Newman, Hahn & Rosenkranz, P.A., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellants, Patricia Jane Jones and Logan M. Jones, Jr., challenge a final summary judgment in favor of the appellee, Gulf Coast Newspapers, Inc. We affirm.
This action arose out of a motor vehicle accident which occurred in Polk County, Florida. The appellant, Patricia Jane Jones, was a passenger in a motor vehicle which was struck in the rear when it swerved to avoid an automobile owned and driven by George Eugene House. The automobile which struck the motor vehicle in which Mrs. Jones was a passenger was owned by Timothy P. Camus and operated by his wife Judith S. Camus. At the time of the accident, Mrs. Camus was operating her husband's automobile during the course of and within the scope of her employment with the appellee, Gulf Coast Newspapers, Inc.
The appellants filed a negligence action against George House, Mr. and Mrs. Camus, and the appellee, Gulf Coast Newspapers, Inc. The appellants' action against the appellee was based upon the theory of respondeat superior and their amended complaint did not allege any negligence on the part of the appellee.
Prior to trial, the appellants settled their claims against Mr. and Mrs. Camus and their insurance carrier and executed a release in their favor. The release contained the following language: "This release expressly and specifically does not release, GEORGE EUGENE HOUSE or GULF COAST NEWSPAPERS, INC., from liability for the above accident."
The parties to the settlement then executed a joint motion requesting the court to *91 dismiss the suit against Mr. and Mrs. Camus with prejudice. The trial court entered an order granting the motion and dismissing the action against Mr. and Mrs. Camus with prejudice.
The appellee filed a motion for summary judgment on the ground that the order dismissing with prejudice the claim against Mrs. Camus, the active tortfeasor, barred any claim against the appellee. The court granted the appellee's motion, and after the appellants' motions for rehearing and clarification were denied, they filed a timely notice of appeal from the final summary judgment entered against them.
The appellants contend that the parties to the settlement agreement did not intend to release the appellee from liability and that this is clearly established by the release itself. In support of their position, the appellants point out that section 768.041(1), Florida Statutes (1985), provides:
768.041 Release or covenant not to sue. 
(1) A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.
In Sun First Nat'l Bank v. Batchelor, 321 So.2d 73 (Fla. 1975), the supreme court held that this statute abolished the common law rule that a release of one or more tortfeasors operates as discharge of all other tortfeasors who may be liable for the same tort. Furthermore, the Third District in Florida Tomato Packers, Inc. v. Wilson, 296 So.2d 536 (Fla. 3d DCA 1974), cert. denied, 327 So.2d 32 (Fla. 1976), held that this statute applied even when the active tortfeasor was released. Under the court's holding in Wilson, the release of an active tortfeasor is not a bar to imposing liability on one who is only vicariously liable.
If we were considering only the release involved in this matter, or if the action had been dismissed without prejudice, we would agree with the appellants' position and reverse the summary judgment entered against them.
In this case, however, in addition to the release, the court at the request of the parties entered an order dismissing the appellants' claim against Mrs. Camus, the active tortfeasor, with prejudice. The appellants' only theory of liability against the appellee in this matter is based upon the theory of vicarious liability or respondeat superior. In order to recover, the appellants would have to establish liability on the part of the active tortfeasor, Mrs. Camus, the appellee's employee. If the employee is not liable, the employer is not liable. Mallory v. O'Neil, 69 So.2d 313 (Fla. 1954). See also Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530 (Fla. 1985). The dismissal of the action against Mr. and Mrs. Camus with prejudice was a negative adjudication on the merits of the appellants' claim against the active tortfeasor. Walsingham v. Browning, 525 So.2d 996 (Fla. 1st DCA 1988). See also Citibank N.A. v. Data Lease Financial Corp., 904 F.2d 1498 (11th Cir.1990); Fla. R.Civ.P. 1.420. Accordingly, since the appellants can no longer establish liability on the part of the appellee's employee, they are barred from establishing liability on the part of the appellee. Walsingham; Citibank. The trial court was correct in granting summary judgment against the appellants.
Affirmed.
SCHEB, J., concurs.
PATTERSON, J., dissents with opinion.
PATTERSON, Judge, dissenting.
I respectfully dissent. This is not a case involving separate, successive lawsuits. The appellants joined Mr. and Mrs. Camus and Gulf Coast Newspapers, Inc., as defendants in a single negligence action. Gulf Coast successfully sought and obtained mediation which resulted in a partial settlement.
To effect the partial settlement, all parties, including Gulf Coast, filed a joint motion for dismissal with prejudice "as against the Defendants, TIMOTHY P. CAMUS, and JUDITH S. CAMUS." The release *92 the appellants gave to Mr. and Mrs. Camus specifically states that it does not release Gulf Coast, and the parties agree that Gulf Coast paid no part of the settlement and was not an intended beneficiary of the release.
Although the joint motion is not artfully drawn, its clear intent is to drop Mr. and Mrs. Camus as parties pursuant to Florida Rule of Civil Procedure 1.250(b). The trial court's order granting the motion does not purport to conclude the action as to Gulf Coast or to adjudicate the action on the merits. The majority has chosen to put form over substance in determining that this method of partial settlement chosen by the parties resulted in an "adjudication on the merits" which released Gulf Coast.
There is in fact no Florida case on point. To support its position, the majority relies on Walsingham v. Browning, 525 So.2d 996 (Fla. 1st DCA 1988), and Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498 (11th Cir.1990). Both are distinguishable. In Walsingham the plaintiff settled a counterclaim against a defendant employee while a separate action against the employer was pending. The employer had no part in the settlement. In Citibank all parties were joined in a single action, but Citibank did not participate in or agree to the settlement reached with the codefendant directors. In the instant case, Gulf Coast was the moving party in mediation and joined in the method the parties chose to effectuate the mediated partial settlement.
The majority acknowledges that had the appellants simply dropped Mr. and Mrs. Camus without prejudice, pursuant to rules 1.250(b) and 1.420(a)(1), their cause of action against Gulf Coast would have been preserved by section 768.041(1), Florida Statutes (1985). The release given to Mr. and Mrs. Camus fully discharged their liability and there was no legal or other reason which compelled the use of the words "with prejudice" in their dismissal. It was simply the ill-advised choice of words by counsel. In such circumstances, this court should look behind those words to determine if the dismissal was intended to be conclusive as to all pending claims. We should not permit the appellants to be trapped into forfeiting their cause of action against Gulf Coast by the procedural method chosen by the lawyers involved. Simply stated, this court should not put form over substance to reach a result that the parties clearly did not intend.
I would reverse and remand for further proceedings.