PER CURIAM.
Philip J. Scutieri, Jr., plaintiff below, appeals a summary final judgment in favor of appellees Samuel Miller, James Wernert, Herman J. Zotti, and Durelle Paige, defendants below. We reverse.
Plaintiff sued defendants for defamation. He brought suit against defendants Miller, Wernert, and Zotti both individually and as officers and directors of the Sunrise Point Condominium Association, Inc. He sued defendant Paige individually and as an employee of the Association. The Association was likewise made a defendant on the defamation claims.
The Association settled with the plaintiff. The settlement agreement expressly provided that the settlement was on behalf of the Association, but that the settlement agreement and the releases provided for thereunder would not affect in any way plaintiff’s claims against the individual defendants.
After the settlement was concluded with the Association, the individual defendants moved for summary judgment. They asserted that all of the allegedly defamatory statements had been made by them in their capacities as officers, directors, or employees of the Association. They contended that since all of their actions were undertaken on behalf of the Association, and since plaintiff had settled with the Association, it followed that the individual defendants no longer had any liability. The trial court agreed and entered summary final judgment in the individual defendants’ favor.
The settled law is to the contrary. “Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents.” Littman v. Commercial Bank & Trust Co., 425 So.2d 636, 640 (Fla. 3d DCA 1983) (citations omitted); accord Kerry’s Bromeliad Nursery, Inc. v. Reiling, 561 So.2d 1305, 1306 (Fla. 3d DCA 1990); Adams v. Brickell Townhouse, Inc., 388 So.2d 1279, 1280 (Fla. 3d DCA 1980); Dade Roofing & Insulation Corp. v. Torres, 369 So.2d 98, 99 (Fla. 3d DCA 1979).
The individual defendants rely on Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla.1992). There, a divided panel of the Second District held that a dismissal with prejudice of claims against a corporate employee extinguishes the liability of that employee and therefore extinguishes any vicarious liability by the corporation for acts of the employee within the scope of the employment. Id. at 91. Assuming for purposes of this discussion that the case is correctly decided, it has no application here. Here, the plaintiff has dismissed with prejudice his claims against the Association, not the claims against the individual defendants. Since there is no basis on which to hold the individual defendants vicariously liable for the acts of the Association, it follows that the plaintiff’s dismissal with prejudice of his claims against the Association has no impact under Jones on the claims against the individual defendants.
The individual defendants seek affir-mance of the summary final judgment on the alternative ground that each of the allegedly defamatory statements was, as a matter of law, a nonactionable statement of opinion, rather than a statement of fact. See generally Milkovich v. Lorain Jounal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990); Restatement of Torts (Second) § 566 (1981); DeMoya v. Walsh, 441 So.2d 1120 (Fla. 3d DCA 1983). This ground for summary judgment was never raised below and will not be entertained for the first time on appeal. This ruling is without prejudice to the individual defendants to raise the issue by an appropriate motion for summary judgment after remand. We express no view on the merits *974 of any such motion, which must be determined in the first instance by the trial court.
Reversed and remanded for further proceedings consistent herewith.