ALTENBERND, Judge,
specially concurring.
I concur because I must. This case is controlled by the majority opinion in Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA 1992). I agree with the dissent in that case. So long as Jones is the law in Florida, plaintiffs’ attorneys must be very cautious in structuring settlements with only one of several tortfeasors.
In November 1990, Jeane E. Koebler sustained serious injuries when her car was struck by a car owned and operated by Kimberly Kieffer. Kimberly Kieffer was an unemancipated minor at the time of this accident. Her father, John Kieffer, had signed the application for her driver’s license. Thus, he was jointly and severally liable for any negligence of his minor daughter while she was driving her car. § 322.09(b)(2), Fla.Stat. (1989).
Ms. Koebler sued the Kieffers. Kimberly Kieffer was defended by her insurance company. Mr. Kieffer, an attorney, was defended by his own law firm.
In September 1991, Ms. Koebler and Kimberly Kieffer’s insurance company settled the claim against Kimberly Kieffer. Ms. Koebler signed a release that was expressly modified to prevent a release of Mr. Kieffer. It is clear that they expected this settlement to act as a setoff from any damages ultimately recovered from Mr. Kieffer. See § 768.041, Fla.Stat. (1991).
Ms. Koebler and Kimberly Kieffer filed a stipulation, agreeing to a dismissal of “said cause with prejudice against Kimberly C. Kieffer.” Mr. Kieffer did not sign the stipulation, but was served with a copy of the stipulation. The trial court entered an order dismissing the cause with prejudice only as to Kimberly C. Kieffer. Neither the joint stipulation for dismissal nor the order stated whether the dismissal was pursuant to rule 1.250(b) or rule 1.420 of the Florida Rules of Civil Procedure. There is no question that Ms. Koebler intended to pursue the cause against Mr. Kieffer, and that Mr. Kieffer provided no consideration for either the release or the dismissal of his daughter.
A few months after this court’s decision in Jones, Mr. Kieffer moved for summary judgment on the ground that the dismissal with prejudice of his daughter was a negative adjudication on the merits and, thus, he was entitled to a dismissal with prejudice.
Ms. Koebler has attempted to distinguish the employer’s liability under respondeat superior in Jones from Mr. Kieffer’s statutorily imputed liability. Unfortunately, that distinction is unavailing. Mr. Kieffer correctly argues that his imputed statutory liability is derivative or vicarious and, thus, dependent upon his daughter’s liability.
I can add little to Judge Patterson’s dissent in Jones. See also Maryland v. Baltimore Transit Co., 38 F.R.D. 340 (D.Md.1965) (dismissal of driver with prejudice under federal rule 41 not granted res judi-cata status for driver’s employer). I would *682 hold that a stipulated order, dismissing one party from a multi-party lawsuit as a result of a settlement agreement, is not an adjudication on the merits unless the order expressly so states. I would treat the typical settlement order that dismisses a party with prejudice as a dismissal under rule 1.250(b). Such an order should not destroy the cause of action against the remaining defendants.