647 So.2d 833 (1994)
JFK MEDICAL CENTER, INC., etc., Petitioner,
v.
Stacy PRICE, etc., et al., Respondents.
No. 83145.
Supreme Court of Florida.
December 22, 1994.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for petitioner.
Arnold R. Ginsberg of Perse, P.A. & Ginsberg, P.A., and Brian W. Smith, P.A., Miami, for respondents.
SHAW, Justice.
We have for review Price v. Beker, 629 So.2d 911 (Fla. 4th DCA 1993), based on direct conflict with Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA), review denied, 602 So.2d 942 (Fla. 1992), pursuant to jurisdiction granted under article V, section 3(b)(3), of the Florida Constitution. We approve the decision of the court below.
Stacy Price sued Dr. Beker, the active tortfeasor, for medical malpractice and wrongful death. The lawsuit included a claim against JFK Medical Center (Center), the passive tortfeasor, premised upon the theory that the Center, as Beker's employer, was vicariously liable for his negligent actions. Price and Beker entered into a voluntary settlement agreement, which provided that the lawsuit against Beker would be dismissed with prejudice, but the claim against the Center would not be affected. The Center moved for summary judgment asserting that Price's dismissal of Beker operated as an adjudication on the merits, thereby precluding continuation of Price's action against *834 the Center. The trial court, relying on Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA 1992), granted the motion for summary judgment. The district court reversed, recognized conflict with Jones, but nevertheless concluded that the dismissal of Beker did not bar Price's action against the Center. The Center asks that we quash the decision of the court below. We decline.
The parties agree that when there has been an adjudication on the merits in favor of an active tortfeasor, the passive tortfeasor may use the adjudication as a defense. They disagree as to whether a voluntary dismissal with prejudice acts as an adjudication on the merits under the circumstances of this case. In Jones, the Second District Court of Appeal reasons that a dismissal with prejudice is equivalent to an adjudication on the merits, thereby barring future actions against active and passive tortfeasors. We disagree and disapprove Jones as being inconsistent with our decision today. We agree with the holding in Price that a voluntary dismissal of the active tortfeasor, with prejudice, entered by agreement of the parties pursuant to settle-ment, is not the equivalent of an adjudication on the merits that will serve as a bar to continued litigation against the passive tortfeasor.[1]
Our decision comports with Florida's public policy. This policy, as documented in sections 768.041(1) and 768.31(5), Florida Statutes,[2] encourages the settlement of civil actions. See also Sun First Nat'l Bank v. Batchelor, 321 So.2d 73 (Fla. 1975) (settlements will be encouraged by abolishing the common law rule that a discharge of one joint tortfeasor will discharge all tortfeasors). Florida's public policy would be compromised were we to allow a dismissal of one joint tortfeasor to result in a dismissal of all joint tortfeasors. With this public policy in mind, we hold that voluntary dismissal of the active tortfeasor, with prejudice, under the circumstances outlined above is not the equivalent of an adjudication on the merits, and such a dismissal will not bar continued litigation against the passive tortfeasor.
We also hold that voluntary dismissal of the active tortfeasor shall not impair the passive tortfeasor's right to indemnification. It would be unconscionable to require a passive tortfeasor to compensate an injured party, while at the same time barring indemnification from the active party. See Hertz Corp. v. Hellens, 140 So.2d 73 (Fla. 2d DCA 1962).
*835 We accordingly approve the decision of the court below.
It is so ordered.
GRIMES, C.J., and OVERTON, KOGAN, HARDING and WELLS, JJ., concur.
ANSTEAD, J., recused.
NOTES
[1] Pursuant to the Restatement (Second) of Judgments, section 51 (1982):

(4) A judgment by consent for or against the injured person does not extinguish his claim against the person not sued in the first action... .
The comments to subsection (4) state:
f. Judgment by consent (Subsection (4)). The settlement of a claim against one of several obligors generally does not result in the discharge of others liable for the obligation. This rule applies when the obligation is reduced to judgment, see § 50, and even though the liability of one obligor is derivative from another under principles of vicarious responsibility. Moreover, a judgment by consent, though it terminates the claim to which it refers, is not an actual adjudication. See § 27, Comment e. The considerations that lead to denying issue preclusive effect to consent judgments, chiefly the encouragement of settle-ments, are applicable when an injured person has claims against more than one person for the same wrongful act. It is therefore appropriate to regard the claim against the primary obligor and the person vicariously responsible for his conduct as separate claims when one of them has been settled. Any payment received by the injured person in such a settlement, however, discharges pro tanto the obligation of the other obligor to pay the loss. See § 50(2).
[2] Section 768.041(1), Florida Statutes (1987), states:

(1) A release or covenant not to sue as to one tortfeasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tortfeasor who may be liable for the same tort or death.
Section 768.31(5)(a), Florida Statutes (1987), states:
(5) RELEASE OR COVENANT NOT TO SUE.  When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater... .