FRANK, Judge.
Patricia Jane Jones and her husband, Logan M. Jones, Jr., contest a final summary judgment entered in favor of their former lawyers. Because genuine issues of material fact preclude judgment as a matter of law, we reverse.
The backdrop leading to the present malpractice litigation may be summarized as follows. In 1986 Patricia Jones was injured in an automobile accident. She and her husband retained Samuel Crosby and his law firm to represent them in their action against George House, an uninsured motorist, Judith Camus, who drove the car that collided with Ms. Jones, Gulf Coast Newspapers, the employer of Judith Camus, and Timothy Camus, who owned the vehicle that Ms. Camus drove.[1] The Joneses settled with State Farm Mutual Automobile Insurance Company, the insurers of the Camus vehicle, for $25,000, the policy limits. With the advice of Crosby, the Joneses released the Camuses by executing a document specifically providing that it was not intended to release Gulf Coast Newspapers, against which the Joneses intended to pursue their vicarious liability claim. Crosby then entered into a joint motion for dismissal, with prejudice, as to the Camuses. Subsequent events reveal that the entry of the dismissal with prejudice carried with it substantial negative consequences for the Joneses. Gulf Coast Newspapers moved for summary judgment against the Joneses, arguing that the dismissal with prejudice of the employee constituted an adverse adjudication on the merits of the Ca-muses’ claim and thus barred any further action against Gulf Coast Newspapers, a passive tortfeasor which under any circumstance could have been only vicariously liable. The circuit judge granted Gulf Coast’s, motion, and the Joneses appealed. This court affirmed and the Florida Supreme Court denied review. Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90 (Fla. 2d DCA), rev. denied, 602 So.2d 942 (Fla.1992) {Jones I). Because they were precluded from pursuing their claim against Gulf Coast Newspapers, the Joneses sought redress against Crosby and sued him for malpractice. Crosby moved for summary judgment, which the trial court granted on the basis of the Florida Supreme Court’s decision in JFK Medical Center, Inc. v. Price, 647 So.2d 833 (Fla.1994), and the doctrine of judgmental immunity which insulates an attorney from malpractice based on errors in judgment. Kaufman v. Stephen Cahen, P.A., 507 So.2d 1152 (Fla. 3d DCA 1987). The Joneses have appealed from the adverse summary judgment.
In entering summary judgment for Crosby in the malpractice proceeding the trial court found there was no genuine issue of material fact and that the issues were purely legal. The legal issue, reasoned the trial court, was resolved by JFK Medical Center, which set forth “the long standing law of Florida.” JFK Medical Center dealt with the effect of a voluntary dismissal with prejudice on the vicarious liability of an employer and specifically disapproved the result we reached in Jones I:
In Jones, the Second District Court of Appeal reasons that a dismissal with prejudice is equivalent to an adjudication on the merits, thereby barring future actions against active and passive tortfeasors. We disagree and disapprove Jones as being inconsistent with our decision today. We agree with the holding in Price that a voluntary dismissal of the active tortfeasor, with prejudice, entered by agreement of the parties pursuant to settlement, is not the equivalent of an adjudication on the merits that will serve as a bar to continued litigation against the passive tortfeasor.
*381 647 So.2d at 834. The effect of JFK Medical Center, then, was to crystallize what in reality was a conflict in the law of Florida rather than to state a rule of long standing.
The trial court in this case centered its attention upon the legal principles behind Crosby’s actions but did not focus upon the factual issue concerning whether Crosby should have acted as he did. In this respect the court committed error. When Crosby executed the dismissal with prejudice, he foreclosed the Joneses’ opportunity to recover from Gulf Coast Newspapers. Indeed, we specifically held in Jones I:
If we were considering only the release involved in this matter, or if the action had been dismissed without prejudice, we would agree with the appellants’ position and reverse the summary judgment entered against them.
595 So.2d at 91. In support of that distinction this court relied upon Walsingham v. Browning, 525 So.2d 996 (Fla. 1st DCA 1988). Although this principle was disapproved as a matter of policy in the JFK Medical Center case, our holding in Jones I, as well as the trial court’s decision in that matter, was not fabricated in a vacuum. If given the opportunity to consider this issue, a jury might decide that Crosby should have been aware of the body of law that led to this court’s decision in Jones I, as well as to the adverse summary judgment entered against his clients. On the other hand, that same jury might decide that Crosby, indeed, knew all of the ramifications of the dismissal with prejudice but exercised reasonable judgment in deciding to sign it, since that decision was essentially vindicated by JFK Medical Center.
In view of the state of the law at the time Crosby acted, however, it is the province of a jury to decide whether Crosby’s execution of the dismissal with prejudice, either deliberately or unintentionally, fell below the standard of care required of an attorney handling a lawsuit involving principles of vicarious liability. The Joneses have argued that Crosby could have moved to set aside the dismissal through the vehicle of a motion pursuant to Rule 1.540, Florida Rules of Civil Procedure. Whether or not Crosby made a mistake in 1990 or should have attempted to have the summary judgment set aside prior to an appeal, however, must be determined from his vantage point at that time. Judge Patterson, dissenting in Jones I, described the use of the words “with prejudice” as “simply the ill-advised choice of words by counsel.” 595 So.2d at 92. If Crosby had entered the same dismissal with prejudice subsequent to the JFK Medical Center opinion, however, his decision or inadvertent action would not have caused either his clients or him the woes they face today. In any event, the ultimate evaluation of Crosby’s representation of his clients must be rendered by a jury.
Reversed and remanded.
THREADGILL, C.J., and CAMPBELL, J., concur.

. This appeal does not concern the claim against House.