SHEVIN, Judge.
Regina Smith appeals an adverse summary judgment on liability. We affirm.
Luisa Maria Suero was driving Smith’s car when she collided with Leonardo Cutler’s car. Cutler was insured by State Farm Mutual Automobile Insurance Company. State Farm paid Cutler’s claim of $28,500 and brought an action against Smith and Suero as Cutler’s subrogee. State Farm entered into a settlement agreement with Suero for $28,500, plus $201 in court costs, to be paid in installments. The court entered judgment against Suero based on the settlement.
Relying on Smith’s interrogatory answers, which admitted that Suero was driving the car with Smith’s consent, and admitted that Suero negligently caused the accident, State Farm filed a motion for summary judgment on liability. The court granted the motion and entered summary judgment against Smith for liability.
We affirm the summary judgment on liability, Holl v. Talcott, 191 So.2d 40 (Fla.1966), as we are unpersuaded by Smith’s argument that the settlement agreement between Suero and State Farm operated to discharge Smith from the action. See § 768.041(1), Fla.Stat (1995); Sun First Nat’l Bank v. Batchelor, 321 So.2d 73 (Fla.1975)(abolishing common law rule that discharge of one tortfeasor discharges all joint tortfeasors encourages settlements); see also JFK Medical Ctr., Inc. v. Price, 647 So.2d 833 (Fla.1994).
Although we do not endorse Smith’s argument that the settlement agreement entitles her to a dismissal of the action, Smith correctly asserts that State Farm has already recovered its full damages from Suero. During oral argument State Farm acknowledged that it is not seeking any damages beyond the amount it paid its subrogor. On remand, in considering the damages issue, we note that Smith is entitled “to a credit for any amounts paid to the claimant in settle-ment_” Baudo v. Bon Secours Hosp./Villa Maria Nursing Ctr., 684 So.2d 211, 214 (Fla. 3d DCA 1996); see § 768.041(2), Fla. Stat. (1995)(court shall set off any amount received in satisfaction of damages). Thus, as this court stated in Baudo, although Smith is not entitled to a dismissal, she is entitled to a credit. Baudo, 684 So.2d at 214. In addressing the damages issue, we are confident the trial court will bear in mind State Farm’s settlement agreement with Suero and consider what impact it has on State Farm’s ability to recover damages from Smith.
Affirmed.