707 So.2d 861 (1998)
J.R. BROOKS & SON, INC., Appellant,
v.
Maria G. QUIROZ, Individually, and as natural legal guardian of Ana Maria Garcia, Julio Cesar Garcia, Joe Garcia, and Elizabeth Quiroz, and Andres Garcia, her husband, Appellees.
No. 96-2941.
District Court of Appeal of Florida, Third District.
March 4, 1998.
Rehearing Denied April 8, 1998.
Holland & Knight and Daniel S. Pearson and Lucinda A. Hofmann, Miami, for appellant.
Arnold R. Ginsberg, Miami; Jon W. Burke, Miami; Gaebe, Murphy, Mullen & Antonelli, for appellees.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
SCHWARTZ, Chief Judge.
This case arises from an intersection accident which was caused by the grossly negligent operation of a truck titled in the name of the driver,[1] Neal Brooks, the son of the *862 principal of J.R. Brooks & Son, Inc. The jury found that the present appellant, the Brooks corporation, was the equitable owner of the truck and was thus also liable for its operation under the Florida dangerous instrumentality doctrine. 4A Fla.Jur.2d Automobiles & Other Vehicles § 680 (1994). The primary point on this appeal from the ensuing judgment against it is the corporation's claim that there is no evidence to support that finding and that it was thus entitled to a directed verdict in its favor. It also contends that the trial court erred in refusing to set off the entire amount received in settlement from Neal's insurance company from the verdict and judgment against it. We affirm in part and reverse in part.

I.
Our task on the dangerous instrumentality issue is greatly simplified by the evidence and the appellant's concession that it indeed acquired the requisite beneficial interest in the vehicle when it purchased the truck for Neal's personal and business use while he was employed by the corporation in Costa Rica. See Cox Motor Co. v. Faber, 113 So.2d 771 (Fla. 1st DCA 1959); Ginsberg v. Goldstein, 404 So.2d 1098 (Fla. 3d DCA 1981); 56 Fla.Jur.2d Trusts § 90 (1985). The entire burden of the appellant's argument, however, is that it somehow transferred its ownership interest to Neal at some uncertain and unspecified time between December, 1992, when the truck was transported to Florida, and May 26, 1993, the date of the accident. For two sets of reasons, we entirely disagree:
1. First, the record is devoid of any indication that a valid transfer took place by either of the two conceivable ways it could have been legally accomplished.

No sale. On the one hand, it is undisputed that Neal did not buy the corporation's interest in the truck at anytime.

No gift. On the other, even if arguendo a Florida corporation has the legal power to make a non-charitable gift in any circumstances, see 8 Fla.Jur.2d Business Relationships § 99 (1996); 18B Am.Jur.2d Corporations § 2092 (1985), there is no evidence whatever of either (a) an expression of donative intent or (b) an actual, constructive or symbolic delivery of the subject matterboth of which are required to sustain the validity of a gift. Reiner v. Reiner, 400 So.2d 1292 (Fla. 4th DCA 1981); Winner v. Winner, 370 So.2d 845 (Fla. 3d DCA 1979); Green v. Green, 314 So.2d 801 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 600 (Fla.1976); Sullivan v. American Tel. & Tel. Co., 230 So.2d 18 (Fla. 4th DCA 1969); compare Broadwater v. Dorsey, 344 Md. 548, 688 A.2d 436 (1997)(gift of vehicle by parents to child effected by symbolic transfer of title from their names to his); Lamb v. Jones, 202 So.2d 810 (Fla. 3d DCA 1967)(gift of equitable interest in realty effected in part by delivery of pertinent documents), cert. denied, 210 So.2d 867 (Fla.1968).
Thus, there is nothing to disturb the inference or presumption that the "condition or state of facts [as to the appellant's ownership of the truck] continue[d] to exist as before," to the day of the accident. 29 Am.Jur.2d Evidence § 291 at 305 (1994); see 2 Wigmore on Evidence § 437 at 413, 418 (3d ed.1940).
2. In addition, there is significant affirmative evidence which independently supports the determination that the appellant retained ownership at the critical time. Thus, there was testimony that (a) the corporation paid, in Florida, for insurance on the vehicle, 29 Am.Jur.2d Evidence § 494 (1994); Register v. Redding, 126 So.2d 289 (Fla. 1st DCA 1961); Hicks v. Land, 117 So.2d 11 (Fla. 1st DCA 1960), cert. denied, 120 So.2d 617 (Fla.1960); Barnett v. Butler, 112 So.2d 907 (Fla. 2d DCA 1959), and that (b) it extensively dealt with the truck, perhaps even receiving the proceeds of the collision coverage, after the accident. See 29 Am. Jur.2d § Evidence 474 (1994); see also American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981), review denied, 415 So.2d 1359 (Fla.1982).
In all these circumstances, the issue of the appellant's beneficial ownership and its concomitant right to control the use of the truck *863 was, at best,[2] a question for the jury. Metzel v. Robinson, 102 So.2d 385 (Fla.1958); Marshall v. Gawel, 696 So.2d 937 (Fla. 2d DCA 1997); American Nat'l. Bank of Jacksonville v. Riser, 212 So.2d 343 (Fla. 1st DCA), cert. denied, 219 So.2d 697 (Fla.1968). We, of course, have no authority to interfere with its resolution of the issue. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla.1977).

II.
We agree, however, that the trial court erred in apportioning the sum received from Neal's insurance carrier, rather than off-setting it completely from the judgment against it. Since the corporation's liability for the accident was purely vicarious in nature for the acts of Neal himself, rather than joint and several, it is obvious, contrary to the ruling below, that the comparative fault statute, section 768.81, Florida Statutes (1995), Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), and Wells v. Tallahassee Mem'l Reg'l Med. Ctr., Inc., 659 So.2d 249 (Fla.1995), do not apply. See De Los Santos v. Saddlehill, Inc., 211 N.J.Super. 253, 264 n. 2, 511 A.2d 721, 727 n. 2 (1986)("The Comparative Negligence Act is applicable where there are joint tortfeasors. Clearly, the Act does not apply where the liability of one of the defendants is solely vicarious."), cert. denied, 107 N.J. 101, 526 A.2d 175 (1987). Instead, the issue is governed by sections 46.015 and 768.041, Florida Statutes (1995), which, as confirmed by the decided cases, require a complete set off as to amounts received from the active tortfeasor. See JFK Medical Ctr., Inc. v. Price, 647 So.2d 833 (Fla.1994); Smith v. State Farm Mut. Auto. Ins. Co., 691 So.2d 1127 (Fla. 3d DCA 1997); Hertz Corp. v. Hellens, 140 So.2d 73 (Fla. 2d DCA 1962) (section 54.28, predecessor to section 768.041 providing for set off, applies to vicarious tortfeasors); see also De Los Santos:
Where an individual's liability is solely vicarious, a plaintiff is entitled to only one satisfaction for the same loss and, thus, damages for which the nonsettling defendant is ultimately responsible must be reduced pro tanto by the amount obtained from any settlement previously entered into between the injured party and the person who actually committed the negligent act. Hence, if the defendants' responsibility for the [injury] were found to rest solely upon the theory of vicarious liability, they would be entitled to reduce the damages awarded by the jury against them by the amount of the settlement.
211 N.J.Super. at 263-64, 511 A.2d at 726 (citations omitted).
Affirmed in part, reversed in part.
NOTES
[1] See Brooks v. Rios, 707 So.2d 374 (Fla. 3d DCA 1998) (upholding punitive damages award against driver).
[2] We are not called upon to decide whether the plaintiff was entitled to a directed verdict on this question. See Avis Rent-A-Car Sys., Inc. v. Garmas, 440 So.2d 1311, 1313 n. 4 (Fla. 3d DCA 1983), pet. for review denied, 451 So.2d 848 (Fla.1984).