983 So.2d 769 (2008)
Wasfi A. MAKAR, Appellant,
v.
Kamil F. GOWNI, George Mansour, et al., Appellees.
No. 5D07-2476.
District Court of Appeal of Florida, Fifth District.
June 13, 2008.
Richard E. Torpy, Mark R. Malek, Jillian D. Romano and G. Philip J. Zies of Zies, Widerman, Sutch & Malek, Melbourne, for Appellant.
Janet M. Courtney and Stephanie A. Vanos of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellees.
*771 LAWSON, J.
Wasfi A. Makar timely appeals a final judgment enforcing a settlement agreement between himself, Kamil F. Gowni and George Mansour. Makar contends that the trial court erred in ruling, as a matter of law, that his settlement with the two individual defendants also inured to the benefit of the corporate defendants named in his original suit. We agree and reverse.
This is Makar's second appearance before this court in the same case.[1] In Gowni v. Makar, 940 So.2d 1226 (Fla. 5th DCA 2006), we construed the terms of the settlement agreement between Makar and the individual defendants, pursuant to which each individual defendant promised to pay an agreed amount to Makar. We found that the agreement was unambiguous with respect to the only issue raised  whether Gowni and Mansour were jointly or separately liable for their designated portions of the overall settlement amount. Upon remand, Gowni filed a motion for entry of final judgment in favor of himself and the four corporate defendants named in Makar's original suit. The corporate defendants were all sued on the theory that they were vicariously liable for misrepresentations made by the individual defendants, which induced Makar to invest money with the defendants.
In response to this motion, Makar conceded that Gowni was entitled to a final judgment, based upon his settlement of the original claims, but argued that the settlement agreement could not be construed as an agreement to release the corporate defendants. Gowni countered that our prior opinion in this case foreclosed any action against the corporations. Gowni based this argument on language in the prior opinion stating that the settlement agreement only "made Gowni individually liable for his half of the overall debt." Reasoning that there could only be two halves, and that Mansour had agreed to pay the other half, Gowni convinced the trial court that there was no obligation remaining on which Maker could sue the remaining defendants. We reject this argument.
First, the quoted language from our prior opinion relates only to the overall debt created by the settlement agreement, and not to the total amount of Makar's original claim. Pursuant to the settlement agreement, Makar agreed to take less than his stated claim from Gowni and Mansour in exchange for their agreement to pay him $15,000 immediately, and to then tender individual, secured promissory notes, each for half of the remaining balance of the agreed settlement amount. Our opinion in no way addressed the effect of this settlement on the corporate defendants, an issue not addressed by the order reviewed in our prior opinion, and not raised by the parties in the prior appeal. The law of the case doctrine "bars consideration only of those legal issues that were actually considered and decided in a former appeal." Florida Dep't of Transp. v. Juliano, 801 So.2d 101, 107 (Fla.2001). Therefore, our prior opinion cannot be viewed as precluding Makar from pursuing his claim against the corporate defendants.
*772 Second, an active tortfeasor's voluntary settlement of a claim does not, standing alone, extinguish a plaintiff's potential claim against passive tortfeasors who are vicariously liable for the active tortfeasor's wrongdoing. See JFK Med. Ctr., Inc. v. Price, 647 So.2d 833 (Fla. 1994). Rather, under Florida law "the claim against the primary obligor and the person vicariously responsible for his conduct [are regarded] as separate claims when one of them has been settled." Id. at 834 n. 1. Of course, "[a]ny payment received by the injured person in such a settlement . . . discharges pro tanto the obligation of the other obligor to pay the loss." Id. Therefore, the fact that Makar entered a binding agreement settling his claims against Gowni and Mansour does not preclude him from pursuing his claim against the corporate defendants, unless the parties actually intended and agreed to release them as part of the prior settlement.
Finally, unlike the issue raised in the prior appeal, the effect of the settlement on claims against the corporate defendants cannot be determined as a matter of law by reviewing the settlement agreement because the document does not address the issue. The defendants make a number of arguments as to why it makes sense to view the settlement as a global settlement for all defendants, and also argue that certain documents of record support their position that this was the intent of the parties upon entering the settlement agreement. However, the settlement documents themselves are at best ambiguous as to this issue. As such, the issue cannot be resolved summarily and will require an evidentiary hearing to determine whether all parties to the contract intended and agreed that the settlement was a global settlement that included the corporate defendants. Barone v. Rogers, 930 So.2d 761, 764 (Fla. 4th DCA 2006); Crown Mgmt. Corp. v. Goodman, 452 So.2d 49, 52-53 (Fla. 2d DCA 1984).
REVERSED AND REMANDED.
GRIFFIN and MONACO, JJ., concur.
NOTES
[1] We reiterate that this is the second appeal following a supposed settlement of the case. Unfortunately, although the parties were represented by counsel in the litigation, they elected not to include counsel in the settlement discussions, and drafted the settlement agreement on their own as well. Not surprisingly, the agreement failed to thoroughly address all potential issues needed to bring the matter to a successful negotiated resolution, as would probably have been the case had the parties relied upon the experience of their retained counsel.